UNITED STATES, Appellee

v.

Charles W. DAVIS, Lieutenant Commander
U.S. Navy, Appellant

No. 06-6001

Crim. App. No. 9600585

United States Court of Appeals for the Armed Forces

Argued February 8, 2006

Decided May 19, 2006

ERDMANN, J., delivered the opinion of the court, in which
GIERKE, C.J., and CRAWFORD, EFFRON, and BAKER, JJ., joined.

Counsel

For Appellant:  Captain Richard A. Viczorek, USMC (argued).

For Appellee:  Lieutenant Steven M. Crass, JAGC, USNR (argued);
Commander Charles N. Purnell, JAGC, USN (on brief).

Military Judge:  Charles R. Hunt

**This opinion is subject to revision before final publication**.

United States v. Davis, No. 06-6001/NA

Judge ERDMANN delivered the opinion of the court.

Lieutenant Commander Charles W. Davis was charged with a number of offenses resulting from the prolonged sexual abuse of his stepdaughter. Davis entered mixed pleas and, following a general court-martial, was found guilty of rape of a child, forcible sodomy upon a child, forcible sodomy, indecent liberties with a child, and indecent liberties, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 934 (2000). He was sentenced to confinement for life and forfeiture of $2,500.00 pay per month for twenty-four months. The convening authority approved the sentence, but suspended execution of the forfeitures on the condition that Davis maintain an allotment of all disposable pay and allowances to his wife. On initial review the United States Navy-Marine Corps Court of Criminal Appeals affirmed the findings and sentence. United States v. Davis, 47 M.J. 707, 714 (N-M. Ct. Crim. App. 1997).

Following the initial review at this court, we remanded the case for a factfinding hearing pursuant to United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967), to resolve questions of fact relating to an issue of ineffective assistance of counsel. United States v. Davis, 52 M.J. 201, 206-07 (C.A.A.F. 1999). After the DuBay hearing, the Navy-Marine Corps court again affirmed the findings and sentence. United States v.

2

United States v. Davis, No. 06-6001/NA

Davis, No. NMCM 9600585, 2003 CCA LEXIS 161, at *28, 2003 WL

21789030, at *11 (N-M. Ct. Crim. App. July 24, 2003)

(unpublished).  Upon further review this court concluded that

counsel's performance was ineffective and that Davis was

prejudiced as to sentence.  United States v. Davis, 60 M.J. 469,

475 (C.A.A.F. 2005).  We set aside the sentence and authorized a

sentence rehearing.  Id.

At the sentence rehearing the military judge dismissed the

case finding that the court lacked personal jurisdiction over

Davis because he was no longer a sentenced prisoner and had

received an administrative discharge in 1997.  The Government

appealed the ruling of the military judge pursuant to Article

62, UCMJ, 10 U.S.C. § 862 (2000).  The Navy-Marine Corps court

granted the Government's appeal and remanded the case, directing

the military judge to hold the sentence rehearing.  United

States v. Davis, 62 M.J. 533, 538 (N-M. Ct. Crim. App. 2005).

Davis petitioned this court and we granted review of two issues.[1]

---

[1] On January 24, 2006, we granted review of the following issues:

> I.  WHETHER THE NAVY-MARINE CORPS COURT OF
> CRIMINAL APPEALS ERRONEOUSLY INTERPRETED
> ARTICLE 62, UCMJ, TO ALLOW A GOVERNMENT
> APPEAL OF AN ORDER FROM A COURT-MARTIAL IN
> WHICH NO PUNITIVE DISCHARGE COULD HAVE BEEN
> ADJUDGED.
>
> II.  WHETHER THE NAVY-MARINE CORPS COURT OF
> CRIMINAL APPEALS ERRED BY CONCLUDING THAT
> THE DOCTRINE OF CONTINUING JURISDICTION
> APPLIES TO TRIAL LEVEL COURTS-MARTIAL.

United States v. Davis, No. 06-6001/NA

Article 62(a)(1), UCMJ, gives the Government a right to appeal certain decisions from a "court-martial in which a military judge presides and in which a punitive discharge may be adjudged." We granted review of the first issue to determine whether the Government had the right to appeal the military judge's decision under Article 62, UCMJ, where Davis had not been sentenced to a punitive discharge (dismissal) at the original trial.[2] Davis argues that since his sentence on rehearing cannot be greater than the sentence adjudged at the original trial, an appeal under Article 62, UCMJ, is not authorized. We conclude that the Government properly appealed the military judge's decision under Article 62, UCMJ, as the sentence rehearing was empowered to adjudge any sentence authorized for the underlying offenses regardless of the sentence approved after the original trial.

An essential component of court-martial jurisdiction is in personam jurisdiction or jurisdiction over the person of an accused. Article 2(a)(1) and (7), UCMJ, 10 U.S.C. § 802(a)(1), (7) (2000), authorize court-martial jurisdiction over members of the armed forces and persons serving sentences imposed by

---

62 M.J. 452 (C.A.A.F. 2006).
[2] Rule for Courts-Martial (R.C.M.) 1003(b)(8) provides that there are only three types of punitive separations that may be adjudged by courts-martial. Dismissal from the service is the only punitive separation that applies to a commissioned officer. Compare R.C.M. 1003(b)(8)(A), with R.C.M. 1003(b)(8)(B), (C).

courts-martial.  We granted the second issue to determine whether Davis, because he was administratively discharged in 1997 and because his sentence was set aside, remains subject to the jurisdiction of a court-martial.  We conclude that the power of the court-martial over Davis was established at his initial trial and that the intervening administrative discharge does not divest the appellate courts of the power to correct error, order further proceedings, and maintain appellate jurisdiction over the person during the pendency of those proceedings.

## DISCUSSION

### A.  The Availability of an Article 62, UCMJ, Appeal

Davis claims that the court-martial convened to conduct the sentence rehearing was not authorized to adjudge a punitive discharge because no discharge was adjudged at his original trial.  Because Article 62, UCMJ, limits the Government to appealing only rulings from courts-martial at which a punitive discharge may be adjudged, Davis argues that no Government appeal was authorized in this case.

The Government responds that the characteristics of the sentence rehearing relate back to the original court-martial and that a punitive discharge was authorized at that trial.  The Government further argues that the military judge was bound to follow the mandate of this court and where he departs from that

mandate, the Government should be afforded access to the appellate courts to enforce the appellate court's decision.

Resolution of this question involves issues of statutory interpretation and the sentencing jurisdiction of a rehearing, both of which are legal questions we review de novo. United States v. Henderson, 59 M.J. 350, 351 (C.A.A.F. 2004) (the jurisdiction of a court-martial is a legal question); United States v. Tardif, 57 M.J. 219, 223 (C.A.A.F. 2002) (interpretation of the Articles of the UCMJ presents an issue of law).

Davis's assertion that a punitive discharge cannot be adjudged at his sentence rehearing is based on two 1959 cases from this court and the current Discussion to Rule for Courts-Martial (R.C.M.) 1005(e)(1). As written, Article 63(b), UCMJ, 10 U.S.C. § 863(b) (1950), prohibited a sentence at a rehearing in excess of that "imposed" at the initial trial unless there were additional findings of guilty not considered at that first trial. The language of the discussion to R.C.M. 1005(e)(1) also appears to limit the sentence at a rehearing to that which was "adjudged by a prior court-martial or approved on review." R.C.M. 1005(e)(1) Discussion. In United States v. Eschmann, 11 C.M.A. 64, 67, 28 C.M.R. 288, 291 (1959), and United States v. Jones, 10 C.M.A. 532, 533-34, 28 C.M.R. 98, 99-100 (1959), the court found that it was error for a military judge's

6

instructions to inform members of the basis for this sentence limitation at a sentence rehearing.  Davis's reliance on these references, however, is misplaced.

At the time the Eschmann and Jones cases were decided, Article 63(b), UCMJ, read, in pertinent part, as follows:

> Upon such rehearing . . . no sentence in excess of or more severe than the original sentence shall be imposed unless the sentence is based upon a finding of guilty of an offense not considered upon the merits in the original proceedings or unless the sentence prescribed for the offense is mandatory.

Emphasis added.  This language was enacted as part of the original UCMJ and was designed to limit the sentence that a rehearing could impose.  See Commentary to Article 63(b), Uniform Code of Military Justice, 1950, Text, References and Commentary Based on the Report of the Committee on a Uniform Code of Military Justice to The Secretary of Defense (Morgan Draft), at 88, reprinted in 2 United States Army Court of Military Review, Index and Legislative History, Uniform Code of Military Justice, 1950, at 1424 (1985).  The terms of the statute specifically limited the sentencing authority of a rehearing:  "Under the Uniform Code a court-martial is expressly bound by the findings and the sentence of the first trial. Article 63(b) [UCMJ], 10 U.S.C. § 863."  United States v. Dean, 7 C.M.A. 721, 724, 23 C.M.R. 185, 188 (1957).

United States v. Davis, No. 06-6001/NA

Since the enactment of the UCMJ[3] there have been two changes to Article 63, UCMJ.  The first, in 1983, merged the subsections of Article 63, UCMJ, and made other changes concerning the impact of pretrial agreements not applicable to Davis's case.[4] The other change, made in 1992[5], changed the word "imposed" to "approved."  Article 63, UCMJ, now reads, in pertinent part:

> Upon a rehearing . . . <u>no sentence in excess of or more severe than the original sentence may be approved</u>, unless the sentence is based upon a finding of guilty of an offense not considered upon the merits in the original proceedings, or unless the sentence prescribed for the offense is mandatory.

Emphasis added.  "Approved" as used in Article 63, UCMJ, is a word of art.  A convening authority "approves" a sentence as opposed to a court-martial which "adjudges" a sentence.  <u>Compare</u> Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2) (2000), <u>with</u> Articles 18, 19, 20, UCMJ, 10 U.S.C. §§ 818, 819, 820 (2000). The impact of this change to Article 63, UCMJ, was to move responsibility for protecting the accused against greater sentences at a rehearing from the trial court to the convening authority.

The <u>Manual for Courts-Martial</u> (<u>MCM</u>) was amended by the President in 1995 to reflect this 1992 change to Article 63,

---

[3] Act of 5 May 1950, Pub. L. No. 81-506, ch. 169, 64 Stat. 107 (1950).
[4] Military Justice Act of 1983, Pub. L. No. 98-209, § 5, 97 Stat. 1393, 1398-99 (1983).
[5] National Defense Authorization Act for Fiscal Year 1993, Pub. L. No. 102-484, § 1065, 106 Stat. 2315, 2506 (1992).

UCMJ.[6]  Rule for Courts-Martial (R.C.M.) 810(d)(1), as amended,
states that sentences "shall be adjudged within the limits of
R.C.M. 1003."  Thus, R.C.M. 810(d)(1) echoes Article 63, UCMJ:

> Except as otherwise provided in subsection
> (d)(2) [pretrial agreements] of this rule,
> offenses on which a rehearing, new trial, or
> other trial has been ordered shall not be
> the basis for an <u>approved</u> sentence in excess
> of or more severe than the sentence
> ultimately <u>approved</u> by the convening or
> higher authority following the previous
> trial or hearing, unless the sentence
> prescribed for the offense is mandatory.

Emphasis added.  The Discussion to R.C.M. 810(d)(1) indicates
that the sentence to be adjudged at a rehearing is not limited
by the previously approved sentence:  "An appropriate sentence
on a retried or reheard offense should be adjudged without
regard to any credit to which an accused may be entitled" and
"[t]he members should not be advised of the basis for the
sentence limitation under this rule."  R.C.M. 810(d)(3)
Discussion.

The limitations in R.C.M. 1003, referred to in R.C.M.
810(d)(1), provide no sentence limitation on adjudged sentences
at rehearings other than to state in subsection (c)(4) that
"this rule may be further limited by other Rules for Courts-
Martial."  R.C.M. 1003(c)(4).  The Discussion to R.C.M.

---

[6] Exec. Order 12960, 60 Fed. Reg. 26,647 (May 17, 1995).  <u>See</u>
<u>Manual for Courts-Martial, United States</u>, Historical Executive
Orders app. 25 at A25-21 (2005 ed.).

1003(c)(4) refers to R.C.M. 810(d) without limiting the scope of R.C.M. 810(d)(1).  R.C.M. 1003(c)(4) Discussion.

   Subsequent to the 1992 amendment to Article 63, UCMJ, and the conforming change to R.C.M. 810(d)(1), this court said:

> As a general matter, a court-martial, including a rehearing, may adjudge any punishment authorized by the Manual.  See RCM 1002, Manual for Courts-Martial, United States (1998 ed.).  Rehearings are constrained, however, by specific limitations on the sentence that may be approved by the convening authority.  "Offenses on which a rehearing, new trial, or other trial has been ordered shall not be the basis for an approved sentence in excess of or more severe than the sentence ultimately approved by the convening or higher authority following the previous trial or hearing, unless the sentence prescribed for the offense is mandatory."  RCM 810(d)(1).

United States v. Rosendahl, 53 M.J. 344, 347 (C.A.A.F. 2000) (emphasis added); see also United States v. Mitchell, 58 M.J. 446, 447 (C.A.A.F. 2003).

   Only the discussion to R.C.M. 1005(e)[7], one of the sources relied upon by Davis, indicates that the maximum sentence to be adjudged at a rehearing is limited by punishment adjudged and/or approved from the prior trial:  "[I]n a rehearing or new or other trial [the maximum punishment is the lowest of] the

_____

[7] R.C.M. 1005(e) (instructions on sentence -- required instructions).

punishment adjudged by a prior court-martial or approved on review, supplemented by the total permitted by any charges not tried previously (see R.C.M. 810(d))." R.C.M. 1005(e)(1) Discussion (citing R.C.M. 810(d)). However, this Discussion has not been changed since it appeared in the Manual for Courts-Martial, United States (1984 ed.), and does not reflect the 1992 amendment to Article 63, UCMJ. Despite the "see" reference to R.C.M. 810(d), the language of the Discussion to R.C.M. 1005(e)(1) is inconsistent with the substance of the 1995 amendment to R.C.M. 810(d). This Discussion to R.C.M. 1005(e)(1) is "non-binding" and thus is not controlling over specific provisions of the UCMJ. Willenbring v. Neurauter, 48 M.J. 152, 168 (C.A.A.F. 1998) ("'Discussion' sections . . . are not part of the [MCM] and . . . do not contain official rules or policy."); MCM, Analysis of the Rules For Courts-Martial app. 21 at A21-3 (2005 ed.).

We conclude that the authority of a rehearing to adjudge a sentence is limited only by the maximum authorized sentence for the offenses of which the accused has been found guilty or the jurisdictional maximum of the court-martial. At a rehearing, the sentencing body, whether members or military judge, should consider the evidence in aggravation, extenuation, and mitigation in light of the allowable maximum sentence for the findings of guilty and adjudge an appropriate sentence. The

11

burden of protecting an accused against higher sentences rests with the convening authority at the time action is taken on an adjudged sentence from a rehearing.[8]

The offense for which Davis was to be resentenced included a punitive dismissal from the service as an authorized punishment. See, e.g., MCM pt. IV, para. 45.e.(1) (2005 ed.) (maximum punishment for rape). Therefore, the sentence rehearing was authorized to adjudge a punitive discharge. This rehearing was in the class of serious cases that Article 62, UCMJ, contemplates permitting the Government to prosecute an interlocutory appeal.

B. Personal Jurisdiction

Davis contends that any court-martial jurisdiction over him that arose from the initial court-marital terminated when the record of trial was authenticated and that the rehearing on sentence was a newly convened court-martial. Davis notes that trial level courts in the military justice system, unlike military appellate courts, are not standing courts and do not retain jurisdiction. He argues that the personal jurisdiction

---

[8] Prior to a rehearing, an appellant may have served the entire sentence to confinement adjudged at the original trial; or the adjudged sentence at a rehearing may be such that there is no further confinement to be served after the rehearing. In addition to the obligation to protect an appellant against higher sentences at rehearings, a convening authority must also ensure that the appellant does not serve any unwarranted post-rehearing confinement by deferring execution of any confinement that will not be approved at action.

of the trial level courts, including the sentence rehearing, was lost when he was discharged from the Navy in 1997 and when this court set aside his sentence when we authorized a rehearing.

The Government counters that a rehearing authorized by an appellate court is an extension of the appellate process and jurisdiction continues until a case is final.  The Government contends that an intervening administrative discharge does not terminate this jurisdiction which derives from the appellate proceedings.  The Government concludes that there has been no final disposition of Davis's case and that jurisdiction, which fixed at the time of the original trial, continues unabated through the course of appeal.

As a general matter, an individual discharged and returned to civilian life is not subject to the jurisdiction of a court-martial convened under the UCMJ.  United States ex rel. Toth v. Quarles, 350 U.S. 11, 14 (1955); see Smith v. Vanderbush, 47 M.J. 56, 59 (C.A.A.F. 1997).  The question before us is, when an appellate court approves the findings of a court-martial, disapproves the sentence, and orders a sentence rehearing, does a post-trial administrative discharge preclude completion of the sentencing proceedings ordered by an appellate court?  Whether jurisdiction exists is a question of law that is reviewed de novo.  United States v. Melanson, 53 M.J. 1, 2 (C.A.A.F. 2000).

United States v. Davis, No. 06-6001/NA

Contrary to Davis's contentions, our precedent recognizes that there is "continuing jurisdiction" over a case that has been tried and in which the accused was convicted while in a status that subjected him or her to the UCMJ. We also disagree with Davis's suggestion that a rehearing stands wholly independent of the preceding court-martial and appeal.

In United States v. Entner, 15 C.M.A. 564, 564, 36 C.M.R. 62, 62 (1965), the appellant was administratively discharged while his case was pending review at the United States Army Board of Review. This court said, "Once jurisdiction attaches, it continues until the appellate processes are complete." Id. at 564, 36 C.M.R. at 62. The Entner case identified the point at which jurisdiction was fixed as "because of the sentence to a punitive discharge when it was referred to the board of review." Id. at 564-65, 36 C.M.R. at 62-63. A convening authority's subsequent action in setting aside the punitive discharge and approving an administrative discharge did not divest the board of jurisdiction. Id. at 564-65, 36 C.M.R. at 62-63.

In Peebles v. Froehlike, 22 C.M.A. 266, 266-67, 46 C.M.R. 266, 266-67 (1973), petitioner Peebles claimed that an executed dishonorable discharge from a second court-martial conviction terminated jurisdiction over him with respect to a rehearing ordered after his initial court-martial conviction was reversed. Because petitioner was "apprehended, tried, and sentenced while

14

on active duty with the Army" during his first trial, this court held that "[h]is dishonorable discharge as a result of a separate court-martial proceeding cannot serve to defeat the execution of the earlier sentence." Id. at 268, 46 C.M.R. at 268. We clearly stated, "Nor does our action in reversing the conviction and sentence prevent petitioner's retrial even though his discharge occurred before the reversal." Id.

In Smith v. Vanderbush, this court did not rely on continuing jurisdiction, but distinguished the concept by noting, "[T]he concept of continuing jurisdiction may be applied for the limited purpose of permitting appellate review and execution of the sentence in the case of someone who already was tried and convicted while in a status subject to the UCMJ." 47 M.J. at 59. More recently in Steele v. Van Riper, 50 M.J. 89 (C.A.A.F. 1999), this court examined the effect of an end of term of service (ETS) discharge which was given after conviction but before action was taken on a sentence that included a punitive discharge. We noted that the effect of the ETS discharge was to "remit" the punitive discharge, but the ETS discharge did not "impair" the findings and sentence of the court:

> This Court has held that, if a person is discharged administratively while appellate review is pending, there is "no good reason to hold the findings and sentence of the court-martial are impaired by the discharge." United States v. Speller, 8

> U.S.C.M.A. 363, 368, 24 C.M.R. 173, 178 (1957).  Similarly, the power of review authorities over the court-martial is unaffected by the administrative discharge. See United States v. Woods, 26 M.J. 372 (CMA 1988); United States v. Jackson, 3 M.J. 153 (CMA 1977); United States v. Entner, 15 U.S.C.M.A. 564, 36 C.M.R. 62 (1965); United States v. Speller, [8 U.S.C.M.A. 363, 24 C.M.R. 173 (1957)]; United States v. Sippel, 4 U.S.C.M.A. 50, 15 C.M.R. 50 (1954). Moreover, the administrative discharge does not negate the responsibility of the convening authority to act on the findings and sentence; nor does it restrict his power to do so.  See generally Speller, supra 8 U.S.C.M.A. at 365-66, 24 C.M.R. at 175-76 (recognizing validity of convening authority's action where accused was released from active duty and transferred to Reserves after court-martial but before the convening authority's action).
>
> As indicated earlier, the convening authority here approved the findings and sentence.  The earlier honorable discharge through administrative channels had the effect of remitting the bad-conduct discharge that had been adjudged.  See Speller, supra at 369, 24 C.M.R. at 179.  As a result, the bad-conduct discharge cannot be executed, see id., but the remission of the punitive discharge does not affect the power of the convening authority or appellate tribunals to act on the findings and sentence.

Id. at 91-92; see also United States v. Johnson, 45 M.J. 88, 90 (C.A.A.F. 1996), and Boudreaux v. Navy-Marine Corps Court of Military Review, 28 M.J. 181, 182 (C.M.A. 1989) (a rehearing sentence under the threshold for appellate review did not divest appellate courts of continuing jurisdiction).

16

United States v. Davis, No. 06-6001/NA

When Davis's administrative discharge was issued, his case had progressed beyond trial and conviction and was pending appellate review.  There is no evidence that indicates that this discharge was intended to undermine the conviction or appellate review.  That discharge has no effect on the completed court-martial proceedings and appeal, nor does it divest jurisdiction over Davis at any rehearing.

The power of the rehearing to adjudicate a new sentence derives from the initial court-martial and the appellate action of this court.  Upon trial and conviction, and a sentence subject to appellate review approved by the convening authority, jurisdiction over Davis was fixed for purposes of appeal, new trial, sentence rehearing, and new review and action by the convening authority.  A rehearing relates back to the initial trial and to the appellate court's responsibility to ensure that the results of a trial are just.  Where the appellate courts are invoked by an appellant and a rehearing is authorized, an intervening administrative discharge does not serve to terminate jurisdiction over the person of the accused for purposes of that rehearing.

## DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.