# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

---

### No. ACM 39161 (reh)

---

### UNITED STATES
*Appellee*

**v.**

### Ladarion D. STANTON
Airman First Class (E-3), U.S. Air Force, *Appellant*

---

Appeal from the United States Air Force Trial Judiciary

Decided 16 July 2019

---

*Military Judge:* J. Wesley Moore.

*Approved sentence:* No punishment. Sentence adjudged 10 June 2016 by GCM convened at Joint Base Andrews, Maryland.

*For Appellant:* Brian L. Mizer, Esquire.

*For Appellee:* Major Clayton H. O'Connor, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, MINK, and DENNIS,[1] *Appellate Military Judges.*

Senior Judge JOHNSON delivered the opinion of the court, in which Senior Judge MINK and Judge DENNIS joined.

---

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

---

[1] Judge Dennis participated in this decision prior to her departure from the court.

JOHNSON, Senior Judge:

At Appellant's original trial, he was found guilty by a military judge in accordance with his pleas of one specification of larceny of non-military property in violation of Article 121 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921.[2] In addition, a general court-martial composed of officers convicted Appellant, contrary to his pleas, of two specifications of sexual assault and one specification of aggravated sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920.[3] The court-martial sentenced Appellant to a dishonorable discharge, confinement for 96 months, total forfeiture of pay and allowances, reduction to the grade of E-1, and a reprimand. The convening authority approved the sentence as adjudged.

Upon our initial review, we affirmed the finding of guilty as to the Article 121, UCMJ, specification; set aside the findings of guilty as to the Article 120, UCMJ, specifications and the sentence; authorized a rehearing; and returned the record of trial to The Judge Advocate General for remand to the convening authority for further action in accordance with our opinion. *United States v. Stanton*, No. ACM 39161, 2018 CCA LEXIS 70, at *32 (A.F. Ct. Crim. App. 7 Feb. 2018) (unpub. op.).

On 27 July 2018, the convening authority again took action on Appellant's case. The convening authority noted a "rehearing was found to be impracticable" and he approved a sentence providing for "no punishment."[4]

Appellant raises two assignments of error for our review: (1) whether this court now lacks jurisdiction to review the results of his court-martial; and (2) whether this court should set aside the previously-affirmed finding of guilty as to the remaining charge and specification because Appellant relied to his detriment on an agreement with the convening authority. We find that we do have jurisdiction, we decline to set aside the remaining charge and specification, and we affirm the sentence approved by the convening authority.

---

[2] All references in this opinion to the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[3] *Sua sponte*, pursuant to Rule for Courts-Martial (R.C.M.) 917 the military judge entered a finding of not guilty of one specification of attempted forcible sodomy in violation of Article 80, UCMJ, 10 U.S.C. § 880. The court members also found Appellant not guilty of two specifications of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920.

[4] *See* R.C.M. 1107(e)(2)(B)(iii) ("If a superior competent authority has approved some of the findings of guilty and has authorized a rehearing as to other offenses and the sentence, the convening authority may, unless otherwise directed, reassess the sentence based on the approved findings of guilty and dismiss the remaining charges.").

## I. BACKGROUND

On 20 July 2018, before the convening authority took action for the second time, the convening authority withdrew and dismissed without prejudice the pending two specifications of sexual assault and one specification of aggravated sexual contact. On the same day, Appellant requested to be administratively discharged "in lieu of trial by court-martial." On 25 July 2018, the convening authority approved Appellant's request and directed that Appellant be administratively discharged with an under other than honorable conditions service characterization. Two days later the convening authority took action on Appellant's court-martial and approved a sentence of "no punishment," as described above.

## II. DISCUSSION

### A. Jurisdiction

#### 1. Law

We review de novo questions of jurisdiction. *United States v. Hale*, 78 M.J. 268, 270 (C.A.A.F. 2019).

"Action on the sentence of a court-martial shall be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A).

> [I]f a person is discharged administratively while appellate review is pending . . . the power of review authorities over the court-martial is unaffected . . . . Moreover, the administrative discharge does not negate the responsibility of the convening authority to act upon the findings and sentence; nor does it restrict his power to do so.

*Steele v. Van Riper*, 50 M.J. 89, 91 (C.A.A.F. 1999) (citations omitted).

"The Judge Advocate General shall refer to a Court of Criminal Appeals the record in each case of a trial by court-martial . . . in which the sentence, as approved, extends to . . . dishonorable or bad-conduct discharge, or confinement for one year or more . . . ." 10 U.S.C. § 866(b), (1). Once a court of criminal appeals has jurisdiction of a case, "no action by a lower court or convening authority will diminish it." *United States v. Johnson*, 45 M.J. 88, 90 (C.A.A.F. 1996) (quoting *United States v. Boudreaux*, 35 M.J. 291, 295 (C.M.A. 1992)) (internal quotation marks and additional citation omitted).

> Upon trial and conviction, and a sentence subject to appellate review approved by the convening authority, jurisdiction over [the appellant] was fixed for purposes of appeal, new trial, sentence rehearing, and new review and action by the convening

3

> authority. A rehearing relates back to the initial trial and to the appellate court's responsibility to ensure that the results of a trial are just. Where the appellate courts are invoked by an appellant and a rehearing is authorized, an intervening administrative discharge does not serve to terminate jurisdiction over the person of the accused for purposes of that rehearing.

*United States v. Davis*, 63 M.J. 171, 177 (C.A.A.F. 2006).

### 2. Analysis

This court obtained jurisdiction over Appellant's case by virtue of the sentence imposed by his original court-martial, which included a dishonorable discharge and confinement for 96 months. *See* 10 U.S.C. § 866(b), (1). Once jurisdiction attached, we retained it notwithstanding action by the convening authority that resulted in an approved sentence that does not include a punitive discharge or confinement for one year or longer. *See Johnson*, 45 M.J. at 90. Accordingly, the findings and sentence in Appellant's case, which now consist only of the larceny conviction we previously affirmed and the newly-approved sentence to "no punishment," are properly before us for review.

Appellant contends that the convening authority's approval of his administrative discharge had the effect of dismissing the specification of larceny of which Appellant had been previously found guilty pursuant to his plea, which the convening authority had approved, and which this court had affirmed. Therefore, Appellant avers, our review of his case at this point is contrary to the holding of *Clinton v. Goldsmith*, 526 U.S. 529 (1999). There, the United States Supreme Court held that the United States Court of Appeals for the Armed Forces (CAAF) lacked the authority under the All Writs Act, 28 U.S.C. § 1651(a), to enjoin the administrative separation of a servicemember because the CAAF's action "was neither 'in aid of' its strictly circumscribed jurisdiction to review court-martial findings and sentences under 10 U.S.C. § 867 nor 'necessary or appropriate' in light of a servicemember's alternative opportunities to seek relief." *Goldsmith*, 526 U.S. at 531. Appellant reasons that, under *Goldsmith*, "[t]he Air Force's decision to administratively separate [him] is also straightforwardly beyond this Court's jurisdiction." We disagree with Appellant's reasoning.

First, we note that under the CAAF's clear precedent our jurisdiction over the findings of guilt and sentence from Appellant's court-martial continues notwithstanding an administrative discharge during the pendency of his appellate review. *See Davis*, 63 M.J. at 177; *Steele*, 50 M.J. at 91.

Second, the convening authority's approval of Appellant's administrative discharge did not dismiss or otherwise dispose of the previously-affirmed lar-

ceny specification. The necessary implication of *Davis* and *Steele* is that an administrative discharge does not result in dismissal of convictions pending appellate review.  Moreover, in this case it is evident the convening authority did not intend to dismiss the larceny specification nor did he believe that he had done so; two days after the convening authority approved Appellant's administrative discharge he approved a sentence for the larceny conviction, albeit one of "no punishment." Furthermore, our prior opinion affirmed the larceny conviction, and the convening authority was "bound to comply with the mandate" of this court. *United States v. Montesinos*, 28 M.J. 38, 44 (C.M.A. 1989) (citations omitted); *see* R.C.M. 1107(e)(2)(B)(iii), Discussion ("The convening authority may not take any actions inconsistent with directives of superior competent authority.").

Third, Appellant's case is fundamentally unlike *Goldsmith* because, in contrast to the CAAF in that case, we do not purport to adjudicate the validity or effectiveness of Appellant's administrative discharge. *See* 526 U.S. at 533. We recognize the administrative discharge is a matter outside the scope of our review defined by Article 66(c), UCMJ, 10 U.S.C. § 866(c). Instead, here we "act only with respect to the findings and sentence [of the court-martial] as approved by the convening authority," exactly as Article 66(c) mandates. *Id.*

Accordingly, we find we do have jurisdiction to review Appellant's case.

**B. Article 66(c), UCMJ**

**1. Law**

"The proper completion of post-trial processing is a question of law the court reviews de novo." *United States v. Zegarrundo*, 77 M.J. 612, 613 (A.F. Ct. Crim. App. 2018) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

Article 66(c), UCMJ, provides, *inter alia*, that a service court of criminal appeals "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Although courts of criminal appeals "have broad authority under Article 66(c), UCMJ, to disapprove a finding, that authority is not unfettered. It must be exercised in the context of legal – not equitable – standards, subject to appellate review." *United States v. Nerad*, 69 M.J. 138, 140 (C.A.A.F. 2010) (citing *United States v. Quiroz*, 55 M.J. 334, 339 (C.A.A.F. 2001)); *cf. United States v. Gay*, 75 M.J. 264, 268 (C.A.A.F. 2016) (citations omitted) (holding discretionary authority over sentence appropriateness relief under Article 66(c) is limited by the requirement of a "legal error or deficiency").

### 2. Analysis

Appellant contends this court should set aside and dismiss his previously-affirmed conviction for larceny because, in essence, he did not receive the benefit of his bargain with the convening authority that resulted in the approval of his administrative discharge under other than honorable conditions. Appellant explains that at a sentence rehearing on the sole remaining offense of larceny of non-government property of a value of less than $500, he faced a maximum term of confinement of six months—a term far less than the amount of confinement he had already served following his original conviction in June 2016. *See Manual for Courts-Martial, United States* (2016 ed.), pt. IV, ¶ 46.e.(1)(b). Moreover, Appellant asserts he was unlikely to be adjudged a bad-conduct discharge at a sentence rehearing for the sole remaining charge. Thus, according to Appellant, "[t]he *only* consideration he received for sparing the government the considerable time and expense of a general court-martial, in addition to waiving significant statutory and constitutional rights, was avoiding a criminal conviction for larceny and an immediate discharge." This court's failure to deliver that consideration by setting aside his larceny conviction, Appellant insists, would result in a "manifest injustice." Again, we disagree.

On remand, the convening authority had no discretion to set aside the larceny conviction this court had previously approved. *See Montesinos*, 28 M.J. at 44. When this court affirmed the finding of guilty as to larceny, that affirmed finding became the "law of the case" for purposes of the remand authorizing a rehearing on the set-aside findings and on the sentence. *See id.* (citing *United States v. Kepperling*, 29 C.M.R. 96 (C.M.R. 1960)) (additional citation omitted). The convening authority had no lawful power to undo that which this court had done, i.e., affirm the larceny conviction. *See id.* ("A court that had no control over inferior tribunals or authorities would really not be a court . . . .").

Furthermore, Appellant has not presented evidence to this court that the convening authority agreed to set aside or dismiss the larceny conviction as a condition of Appellant's administrative discharge under other than honorable conditions. The record indicates that on 25 July 2018 the convening authority approved Appellant's administrative discharge "in lieu of trial by court-martial;" the court-martial that was pending at that time was a rehearing on sentencing for the larceny charge. The convening authority's decision to approve a sentence of "no punishment" on 27 July 2018 plainly evinces his understanding that his approval of Appellant's administrative discharge left the affirmed larceny conviction intact.

The fact that the convening authority did not purport to set aside findings previously affirmed by this court distinguishes the instant case from the recent decision in *United States v. Perez*, No. ACM 38559, 2019 CCA LEXIS 101 (A.F.

Ct. Crim. App. 8 Mar. 2019) (f rev), upon which Appellant relies. In *Perez*, similar to Appellant's case, on initial review this court affirmed a finding of guilty as to one charge and specification, set aside the remaining findings of guilty and the sentence, authorized a rehearing on the set-aside findings and the sentence, and remanded the case for further proceedings. *Id.* at *2–4. Unlike Appellant's case, on remand, Senior Airman Perez received nonjudicial punishment for (in part) the offense of adultery, for which this court had already affirmed his conviction. The convening authority also purported to withdraw and dismiss the affirmed charge and specification of adultery in conjunction with approving Appellant's request for administrative discharge in lieu of trial by court-martial. *Id.* at *4. This court explained that the convening authority lacked the power to exceed the scope of the remand by setting aside the affirmed adultery conviction, and therefore acted *ultra vires. Id.* at *7–11. However, addressing the "unique dilemma" created by the convening authority's unlawful action, the court employed its authority under Article 66(c), UCMJ, to avoid a "manifest injustice" and it set aside the previously-approved adultery conviction.

Thus *Perez* is fundamentally unlike Appellant's case in that, in the instant case, the convening authority did not act *ultra vires* by purporting to withdraw and dismiss a finding that this court had already affirmed, and over which this court's remand gave him no authority. On the contrary, the convening authority acted entirely within his authority. *See* Rule for Courts-Martial 1107(e)(2)(B)(iii). Although Article 66(c), UCMJ, provides that this court has broad power over the findings and sentence of a court-martial, we are a court of law. Our authority must be exercised in the context of legal rather than equitable standards, and it is bounded by the requirement of a legal error or deficiency in the court-martial process. *See Gay*, 75 M.J. at 268 (citation omitted); *Nerad*, 69 M.J. at 140 (citation omitted).

We are also unpersuaded by Appellant's argument that his "only" consideration for accepting an administrative discharge under other than honorable conditions was the removal of his criminal conviction for larceny and a more rapid exit from the Air Force. First, Appellant's acceptance of an administrative discharge in lieu of a rehearing on the sentence enabled him to avoid the potential embarrassment and likely delay involved in such a proceeding. Furthermore, Appellant exploited his duties as a bay orderly to steal personal property from another Airman's dormitory room. This was a significant crime for which a bad-conduct discharge was an authorized punishment. Appellant may reasonably have preferred to accept an administrative discharge rather than risk a punitive discharge imposed as a criminal punishment. Furthermore, a bad-conduct discharge coupled with any term of confinement would have had practical consequences for Appellant in the amount of pay to which he was ultimately entitled. *See* 10 U.S.C. § 858b(a).

The validity of appellant's administrative discharge is beyond the scope of our authority to review, which is limited "to the findings and sentence [of the court-martial] as approved by the convening authority." Article 66(c), UCMJ; *cf. Goldsmith*, 526 U.S. at 531. Moreover, that authority is bounded by legal standards and we "may not disapprove findings on equitable grounds." *Nerad*, 69 M.J. at 143. The authority to review Appellant's administrative discharge as well as the power to grant clemency with regard to Appellant's conviction and sentence have been placed in other hands. Having found no legal deficiency or error with respect to the previously-affirmed finding of guilty of larceny and the approved sentence of no punishment, we affirm.

### III. CONCLUSION

The approved findings were previously affirmed. The approved sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the sentence is **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court