# United States Navy–Marine Corps Court of Criminal Appeals

In Re
**D'Urville A. CHRISTOPHER**
Cryptologic Technician (Technical)
First Class (E-6), USN

*Petitioner*

**UNITED STATES**

*Respondent*

NMCCA No. 201600249

PETITION FOR EXTRAORDINARY
RELIEF IN THE NATURE OF
A WRIT OF MANDAMUS
and
APPLICATION FOR A STAY OF
PROCEEDINGS

Panel 1

**ORDER**

*Denying Petition and Stay*

This case is before us pursuant to a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and a Request to Stay Proceedings. Petitioner requests that this Court order dismissal of all charges and specifications, averring (1) that the court-martial lacks in personam jurisdiction over him and (2) that the current charges were improperly referred to a court-martial without the Secretary of the Navy's approval. He further requests that this Court stay his proceedings until we rule on the Petition.

## I. BACKGROUND

This is not the first time Petitioner has sought a writ of mandamus claiming lack of personal jurisdiction. Nearly six years ago, this Court denied a similar request, ruling that, even assuming Petitioner was properly retired at the time of trial, "Article 2(a)(4), UCMJ, confers in personam jurisdiction over retired members of a regular component of the armed forces who are entitled to pay."[1] Petitioner was subsequently convicted of three specifications of assault consummated by a battery upon a child and one specification of indecent acts with a child,[2] with an approved sentence of two year's confinement and reduction to pay grade E-1.

---

[1] *Christopher v. United States*, No. 201500066 2015 CCA LEXIS 151, at *7, (N-M Ct. Crim. App. Apr. 21, 2015) (unpublished) [*Christopher I*].

[2] Articles 128 and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 928, 944.

While awaiting completion of appellate review of that court-martial, Petitioner was administratively discharged on 24 April 2017. On 28 December 2017, this Court set aside the findings and sentence and authorized a rehearing. [3]

At the rehearing—on charges referred to a general court-martial on 11 March 2019 after litigation and correction of an earlier improper referral—Petitioner's defense counsel again moved to dismiss the charges for lack of in personam jurisdiction, this time based upon the April 2017 discharge. The military judge denied the motion, quoting *United States v. Davis*, 63 M.J. 171, 177 (C.A.A.F. 2006): "Where appellate courts are invoked by an appellant and a rehearing is authorized, an intervening administrative discharge does not serve to terminate jurisdiction over the person of the accused for purposes of that rehearing." Petitioner later asked the military judge to reconsider this ruling. Again, the motion to dismiss for lack of personal jurisdiction and improper referral was denied.

## II. DISCUSSION

A Writ of *Mandamus* is a drastic remedy that should be used only in extraordinary circumstances. *United States v. Labella*, 15 M.J. 228 (C.M.A. 1983). A petitioner faces a high hurdle of showing that "(1) there is no other adequate means to obtain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States District Court for D.C.*, 542 U.S. 367, 380-81 (2004)). We find Petitioner has not met this standard for either basis claimed.

Regarding in personam jurisdiction, we find Petitioner's attempts to distinguish *Davis* are inadequate to convince us that he has a clear, indisputable right to the writ sought. Petitioner has also failed to demonstrate that his claim of improper referral, based on the lack of secretarial authorization to try a retiree, was raised at the court below. Thus, he has failed to demonstrate the lack of "other adequate means to obtain relief." Finally, the issues raised by Petitioner are ones that can be addressed in the normal course of appellate review. Accordingly, Petitioner has failed to demonstrate an entitlement to the extraordinary remedy requested.

---

[3] *United States v. Christopher*, No. 201600249, 2017 CCA LEXIS 775 (N-M. Ct. Crim. App. Dec 28, 2017) (unpublished) [*Christopher II*], *aff'd without opinion*, 77 M.J. 334 (C.A.A.F. 2018). Although finding that the court-martial had personal jurisdiction over Petitioner, this Court found that his trial defense team was ineffective.

Upon consideration of the Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and Application for a Stay in Proceedings, filed on behalf of Petitioner on 3 March 2021, it is, by the Court, this 7th day of April 2021,

**ORDERED:**

That the Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and the Request to Stay Proceedings are **DENIED** without prejudice to Petitioner's right to raise the issues before this Court in the normal course of appellate review.



FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

Copy to:
NMCCA (51.1)
Lieutenant Commander Andrea M. Kissner, JAGC, USN, Counsel for Petitioner
Lieutenant Colonel Roger E. Mattioli, USMC, Military Judge
Lieutenant Colonel Michael D. Zimmerman, USMC, Military Judge
Captain Jason D. Samuel, USMC, Trial Counsel
Lieutenant Latena M. Hazard, JAGC, USN, Trial Counsel
Lieutenant Raymond E. Bilter, JAGC, USN, Trial Counsel
45
46
02