# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 20051**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Joshua W. DODSON**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 31 January 2022

————————————

*Military Judge:* Matthew P. Stoffel (arraignment), James R. Dorman.

*Sentence:* Sentence adjudged 2 March 2020 by SpCM convened at Joint Base Pearl Harbor-Hickam, Hawaii. Sentence entered by military judge on 3 June 2020: Confinement for 10 months and reduction to E-1.

*For Appellant:* Captain David L. Bosner, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, LEWIS, and ANNEXSTAD, *Appellate Military Judges.*[1]

Judge ANNEXSTAD delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge LEWIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

[1] On 20 January 2022, Appellant's appeal was withdrawn from Panel 3 and referred to a Special Panel of Chief Judge Johnson, Senior Judge Lewis, and Judge Annexstad.

ANNEXSTAD, Judge:

A special court-martial composed of a military judge convicted Appellant, in accordance with his pleas and pursuant to a plea agreement (PA), of one specification of dereliction of duty in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, *Manual for Courts-Martial, United States* (2016 ed.); and one specification of failure to obey a lawful order, one specification of wrongful use of cocaine, one specification of wrongful use of methylenedioxymethamphetamine,[2] one specification of domestic violence, and one specification of extramarital conduct in violation of Articles 92, 112a, 128b and 134, UCMJ, 10 U.S.C. §§ 892, 912a, 928b, 934, *Manual for Courts-Martial, United States* (2019 ed.).[3,4] The court-martial sentenced Appellant to ten months of confinement and reduction to the grade of E-1.[5]

Appellant raises four issues before this court: (1) whether the Government effectively denied Appellant's right to a meaningful appeal under Article 66, UCMJ, 10 U.S.C. § 866, by administratively separating Appellant after he exercised his right to direct appeal but before this court completed appellate review; (2) whether the United States Air Force ceded personal jurisdiction over Appellant by administratively separating him prior to resolution of his appeal; (3) whether Appellant is entitled to appropriate relief for the Government's failure to include his enlisted performance reports, admitted into evidence as Prosecution Exhibit 3, in the record of trial; and (4) whether it was prejudicial error for a government sentencing witness to testify about matters outside the

---

[2] The correct name for this drug is 3,4-methylenedioxymethamphetamine. *See* Schedules of Controlled Substances, 21 U.S.C. § 812. Appellant has not asserted he was misled by the specification and we perceive no prejudice arising from this error, especially in light of the fact that Appellant pleaded guilty to wrongfully using "methylenedioxymethamphetamine" or "MDMA" and agreed that it was a Schedule I controlled substance. *See, e.g.*, *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011) (explaining that the military is a "notice pleading jurisdiction").

[3] All other references to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[4] In accordance with the PA, dated 27 February 2020, upon the military judge's acceptance of the Appellant's guilty plea, the convening authority withdrew and dismissed with prejudice one charge and specification of communicating a threat, in violation of Article 115, UCMJ, 10 U.S.C. § 915.

[5] The adjudged sentence complied with the limitations on sentence as detailed in the PA.

scope of proper aggravation evidence.[6] During our Article 66, UCMJ, review we identified and consider one additional issue: (5) whether Appellant is entitled to appropriate relief for the convening authority's failure to take action on the sentence as required by law.

On 15 December 2021, a panel of our court issued an unpublished opinion where we disagreed with Appellant as to the five identified assignments of error noted above. *United States v. Dodson*, No. ACM 20051, 2021 CCA LEXIS 676 (A.F. Ct. Crim. App. 15 Dec. 2021) (unpub. op.). On 13 January 2022, Appellant moved for reconsideration of this decision and for reconsideration of this decision *en banc*. Appellee opposed the motion. No judge called for a vote to take Appellant's case *en banc*.[7] On 26 January 2022, we denied Appellant's motion for reconsideration *en banc,* and granted Appellant's motion for reconsideration by the panel. After reconsideration, we withdraw the court's opinion dated 15 December 2021 and substitute this opinion.

With respect to Appellant's third issue, we agree that the record of trial docketed with this court was missing Appellant's enlisted performance reports, which were admitted as Prosecution Exhibit 3 during the presentencing phase of trial. On 18 August 2021, the Government moved to attach a declaration of Captain (Capt) EJ, the trial counsel during Appellant's trial. Capt EJ's declaration stated that Appellant's enlisted performance reports, comprising 12 pages, were admitted at trial as Prosecution Exhibit 3. Capt EJ then attached to her declaration what she indicated was a true and accurate copy of Prosecution Exhibit 3. Appellant did not object to the Government's request to attach the declaration or its attached copy of Prosecution Exhibit 3. On 31 August 2021, we granted the Government's motion to attach Capt EJ's declaration and Prosecution Exhibit 3.[8] We note that the record adequately details that Prosecution Exhibit 3 was admitted during Appellant's presentencing hearing, and

---

[6] We have reworded the issues raised by Appellant and will consider issues (1) and (2) together as they are naturally and inherently linked.

[7] Appellant's motion and Appellee's response were transmitted to each judge of the court in regular active service and not disqualified from participation due to a conflict of interest.

[8] We considered the attachments to Capt EJ's declaration insofar as they were introduced as a prosecution exhibit during the court-martial and were required to have been included in the record of trial. *See* R.C.M. 1112(b)(6). This court could have returned the record to the Chief Trial Judge, Air Force Trial Judiciary, to correct the record. *See* R.C.M. 1112(d)(2); *see also United States v. Perez*, No. ACM S32637, 2021 CCA LEXIS 285, at *3–4 (A.F. Ct. Crim. App. 14 Jun. 2021) (unpub. op.) (returning an incomplete record of trial to the Chief Trial Judge, Air Force Trial Judiciary, for reconstruction of the record, where a prosecution exhibit was incomplete). However, we are satisfied that we have sufficient information to perform our Article 66, UCMJ, review.

that the contents of Prosecution Exhibit 3, attached to Capt EJ's declaration, match the description contained in the trial transcript. We further note that the military judge had the opportunity to review this exhibit during presentencing and that we have also had a chance to review this exhibit during our Article 66, UCMJ, review.

Assuming the omission of Prosecution Exhibit 3 from the record of trial is a substantial omission, we nonetheless find that the Government has sufficiently rebutted the presumption of prejudice. *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F 2000) (citation omitted). First, it is clear from the record that the military judge had this exhibit for sentencing. Second, Appellant's clemency request contained all admitted defense sentencing exhibits which show positive attributes of his duty performance and service, similar to the performance reports. Further, the clemency request made no specific reference to Appellant's performance reports. Third, on appeal, we were able to conduct an informed review of Appellant's case. For example, we compared the admitted evidence and testimony with the performance reports the Government moved to attach. We conclude that the evidence already in the record of trial provided a similar positive view of Appellant's duty performance and service as the omitted performance reports. We are also not persuaded by Appellant's specific claim of prejudice—that the omission deprived him of access to his performance reports while preparing his appeal—as Appellant has not asserted that he otherwise lacked access to his own personnel records and did not object to the Government's motion to attach the omitted exhibit. Therefore, we conclude Appellant is not entitled to any relief for his third raised issue, as the Government has rebutted the presumption of prejudice. *See id.*

With respect to issue (4), we have carefully considered Appellant's contention and find it warrants neither further discussion nor relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

With respect to issue (5), and consistent with our superior court's decision in *United States v. Brubaker-Escobar,* ___ M.J. ___, No. 20-0345, 2021 CAAF LEXIS 818, at *1–2 (C.A.A.F. 7 Sep. 2021) (per curiam), we find the convening authority made a procedural error when he failed to take action on the entire sentence as Appellant was found guilty of at least one offense that occurred prior to 1 January 2019 and the charges were referred after 1 January 2019. However, after testing the error for "material prejudice to a substantial right"

of Appellant, we determine that Appellant is not entitled to relief. *See United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005).[9]

With respect to the remaining issues, we find no error materially prejudicial to a substantial right of Appellant, and affirm the findings and sentence.

## I. BACKGROUND

On 24 August 2020, Appellant filed his notice of intent to appeal with this court under Article 66(b)(1)(A), UCMJ, 10 U.S.C. § 866(b)(1)(A). On 25 August 2020, Appellant's case was docketed with this court. Approximately 106 days later, on 9 December 2020, the general court-martial convening authority administratively discharged Appellant from the United States Air Force.[10]

## II. DISCUSSION

### A. Due Process and Jurisdiction

Appellant contends that the Government effectively denied his right to a "meaningful" first appeal under Article 66, UCMJ, by administratively separating him before this court "conducted or completed" appellate review.[11] Specifically, Appellant argues that his discharge violates his due process rights to a "meaningful" first appeal in that this court has "no means of remedying" any potential error discovered during our review under Article 66, UCMJ. Alternatively, Appellant argues that the United States Air Force ceded personal jurisdiction over him when he was administratively separated prior to completion of this court's review. Specifically, Appellant argues that this court was stripped of its ability to grant the full suite of remedies it would have otherwise been able to grant had Appellant remained a member of the United States Air

---

[9] We find the convening authority's error harmless for the following reasons: (1) Appellant did not raise the error nor claim any material prejudice to a substantial right; (2) the convening authority lacked the ability to grant clemency with respect to the term of confinement; and (3) the convening authority's decision to defer Appellant's reduction in grade until entry of judgment sufficiently demonstrates that the convening authority intended to approve the reduction in rank after entry of judgment.

[10] As a term of his PA, Appellant agreed to unconditionally waive his right to an administrative discharge board.

[11] Since Appellant and the Government both reference Appellant's administrative discharge from the United States Air Force in their briefs, we consider that fact in this opinion. *See United States v. Stanton*, 80 M.J. 415, 417 n.2 (C.A.A.F. 2021). However, consistent with *United States v. Jessie,* 79 M.J. 437, 444 (C.A.A.F. 2020), we conclude the record did not contain information about Appellant's post-trial administrative discharge. Thus, we did not consider the specific documents Appellant attached concerning his administrative discharge proceedings.

Force. Appellant asks this court to set aside his conviction and sentence. We disagree with Appellant's contentions and find no relief is warranted.

### 1. Law

"The scope and meaning" of Article 66, UCMJ, is a matter "of statutory interpretation" and is reviewed de novo. *United States v. Chin*, 75 M.J. 220, 222 (C.A.A.F. 2016) (citing *United States v. Schloff*, 74 M.J. 312, 313 (C.A.A.F. 2015)). We review questions of jurisdiction de novo. *United States v. Hale*, 78 M.J. 268, 270 (C.A.A.F. 2019) (citation omitted).

"Jurisdiction is the power of a court to try and determine a case and to render a valid judgment." *United States v. Harmon*, 63 M.J. 98, 101 (C.A.A.F. 2006). For courts-martial jurisdiction to vest, three requirements must be met: (1) jurisdiction over the offense, (2) jurisdiction over the accused, and (3) a properly convened and composed court-martial. *See id.* (citing R.C.M. 201(b)). For jurisdiction over the offense, the inquiry focuses on "whether the person is subject to the UCMJ at the time of the offense." *United States v. Ali*, 71 M.J. 256, 261 (C.A.A.F. 2012) (citation omitted); *see also* R.C.M. 203, Discussion; *Solorio v. United States*, 483 U.S. 435, 439–40 (1987). For jurisdiction over an accused, the inquiry focuses on whether the accused was a "'person subject to the Code' both at the time of the offense and at the time of trial." *Ali,* 71 M.J. at 264–65 (citations omitted).

"A Court of Criminal Appeals shall have jurisdiction of a timely appeal from the judgment of a court-martial . . . by the accused in a case in which the sentence extends to confinement for more than six months and the case is not subject to automatic review . . . ." Article 66(b)(1)(A), UCMJ, 10 U.S.C. § 866(b)(1)(A). Once a court of criminal appeals has jurisdiction of a case, "no action by a lower court or convening authority will diminish it." *United States v. Johnson*, 45 M.J. 88, 90 (C.A.A.F. 1996) (internal quotation marks omitted) (quoting *United States v. Boudreaux*, 35 M.J. 291, 295 (C.M.A. 1992)).

Our superior court has also explained that "if a person is discharged administratively while appellate review is pending . . . the power of review authorities over the court-martial is unaffected . . . ." *Steele v. Van Riper*, 50 M.J. 89, 91 (C.A.A.F. 1999) (citations omitted). Subsequently, the United States Court of Appeals for the Armed Forces (CAAF) further explained:

> Upon trial and conviction, and a sentence subject to appellate review approved by the convening authority, jurisdiction over [the appellant] was fixed for purposes of appeal, new trial, sentence rehearing, and new review and action by the convening authority. A rehearing relates back to the initial trial and to the appellate court's responsibility to ensure that the results of a

trial are just. Where the appellate courts are invoked by an appellant and a rehearing is authorized, an intervening administrative discharge does not serve to terminate jurisdiction over the person of the accused for purposes of that rehearing.

*United States v. Davis*, 63 M.J. 171, 177 (C.A.A.F. 2006).

### 2. Analysis

We are not persuaded by Appellant's contentions that his administrative discharge from the United States Air Force violated his due process rights to a "meaningful" direct appeal pursuant to Article 66, UCMJ, or that this court no longer retains jurisdiction over his conviction and sentence because he was administratively separated prior to our completion of review of his direct appeal pursuant to Article 66, UCMJ.

First, we note that Appellant was convicted and sentenced at a properly convened court-martial that had jurisdiction over both Appellant and the offenses. At no point during his trial did Appellant challenge the jurisdiction of his court-martial. Then, after the entry of judgment was signed by the military judge, Appellant sought direct appellate review of his case pursuant to Article 66(b)(1)(A), UCMJ; his case was subsequently docketed with this court. Approximately 106 days later, Appellant was administratively separated from the United States Air Force.

It is well-established law that once Appellant's case was docketed with this court, our jurisdiction and potential remedies were "fixed." *See Davis*, 63 M.J. at 177. As our superior court has explained, the power of this court to review Appellant's case is "unaffected" even though Appellant was administratively discharged while his review was pending. *See Steele*, 51 M.J. at 91. Furthermore, it is well-established law that this court retains jurisdiction over Appellant's conviction and sentence, with the full authority to order, *inter alia*, a "new trial, sentence rehearing, and new review and action by the convening authority." *See Davis*, 63 M.J. at 177. We see no reason why *Davis* does not apply to a case like Appellant's, a direct appeal with an entry of judgment. We also do not see that Appellant's administrative discharge from the United States Air Force infringed upon our statutory responsibility to review the record and order a remedy if appropriate, and therefore we find no violation of Appellant's due process rights. Additionally, we find that we do have jurisdiction to review Appellant's case and that we have full authority to correct any potential errors under Article 66, UCMJ.

Much of Appellant's argument regarding due process and jurisdiction focuses on the potential logistics of a how a future hearing might work if such hypothetical relief was ordered by this court. However, until this court decides to grant any relief, there is no ripe or valid claim that the Government has

somehow abrogated the value of Appellant's Article 66 review. Since we have determined that no error prejudicial to a substantial right of Appellant occurred, we find no relief is necessary in Appellant's case.

Lastly, we note that Appellant devoted a portion of his brief to discussing the details of his administrative discharge proceedings. However, we will not adjudicate the validity of Appellant's administrative discharge, as the administrative discharge is a matter outside the scope of our Article 66, UCMJ, review. *See United States v. Stanton*, 80 M.J. 415, 418 (C.A.A.F. 2021) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 535–36 (1999)). Instead, here we "act only with respect to the findings and sentence as approved by the court-martial's convening authority," *see Goldsmith*, 526 U.S. at 534 (internal quotation marks, alterations, and citation omitted), exactly as Article 66 mandates.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.[12] The court's earlier opinion of *United States v. Dodson*, No. ACM 20051, 2021 CCA LEXIS 676 (A.F. Ct. Crim. App. 15 Dec. 2021) (unpub. op.), is hereby withdrawn.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[12] We note that the audio recording of Appellant's arraignment session is not included in the record of trial as required by R.C.M. 1112(b)(1). However, we also note that the record of trial does include a verbatim transcript of Appellant's arraignment session as required by R.C.M. 1114(a)(1). Appellant has not raised this issue on appeal nor claimed any prejudice as a result of the omission of the audio recording. Assuming the omission of the audio recording is substantial, we nonetheless conclude that the omission is harmless beyond a reasonable doubt in light of the presence of a certified verbatim transcript.