United States, Appellee

v.

Robert L. MITCHELL, Sergeant
U.S. Army, Appellant

No. 99-0307

Crim. App. No. 9601800

_____

United States Court of Appeals for the Armed Forces

Argued March 11, 2003

Decided July 9, 2003

BAKER, J., delivered the opinion of the Court, in which
GIERKE, EFFRON, and ERDMANN, JJ., joined.  CRAWFORD, C.J., filed
a separate opinion concurring in the result.


Counsel

For Appellant:  Captain Fansu Ku (argued); Colonel Robert T.
Teetsel, Lieutenant Colonel E. Allen Chandler, Jr., and Captain
Mary C. Vergona (on brief); Colonel John T. Phelps, Lieutenant
Colonel Adele H. Odegard, Major Jeanette K. Stone, Captain
Kirsten Campbell-Brunson, and Captain Donald P. Chisholm.

For Appellee:  Major Mark L. Johnson (argued); Lieutenant
Colonel Margaret B. Baines, and Lieutenant Colonel Lauren B.
Leeker (on brief).




Military Judge:  Robert Holland & L.K. Webster


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge BAKER delivered the opinion of the Court:

At his original general court-martial, Appellant was convicted, contrary to his pleas, of wrongful distribution of a controlled substance (five specifications), wrongful introduction of a controlled substance with intent to distribute, larceny, adultery, and obtaining services under false pretenses in violation of Articles 112a, 121, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 912a, 921, 934, respectively. A panel of officer and enlisted members sentenced appellant to a bad-conduct discharge, confinement for ten years, total forfeitures and reduction to E-1. Upon review, the Court of Criminal Appeals set aside as factually insufficient the findings of guilty of two of the five specifications alleging distribution of a controlled substance. That court affirmed the remaining findings of guilty, set aside the sentence, and authorized a rehearing on the sentence.

At the rehearing, a new panel of members adjudged a dishonorable discharge, confinement for six years and reduction to E-1. The convening authority approved this second adjudged sentence, and the Court of Criminal Appeals affirmed. United States v. Mitchell, ARMY No. 9601800 (A. Ct. Crim. App. Dec. 28, 1998). While recognizing the increased stigma attached to a dishonorable discharge as compared to a bad-conduct discharge, the Court of Criminal Appeals concluded that this increased

2

stigma did not objectively outweigh the severity of the additional four years of confinement and the forfeitures adjudged in the first sentence. Id. at 9. In reaching this conclusion, the Court of Criminal Appeals held "that neither Article 63, UCMJ, [10 U.S.C. § 863 (2000)] nor Rule for Courts-Martial 810(d) [hereinafter R.C.M.] constrain a convening authority from approving elements of a rehearing sentence, including a more severe punitive discharge, that were not previously adjudged or approved, so long as the overall sentence is not more severe than that which was previously approved." Id. at 6.

We granted review on the following issue:

> WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED BY AFFIRMING A MORE SEVERE SENTENCE WHERE THE REHEARING SENTENCE INCLUDED A DISHONORABLE DISCHARGE, CONFINEMENT FOR SIX YEARS AND REDUCTION TO PAYGRADE E-1 WHEN THE APPELLANT'S ORIGINAL SENTENCE INCLUDED A BAD-CONDUCT DISCHARGE, CONFINEMENT FOR TEN YEARS FORFEITURE OF ALL PAY AND ALLOWANCES, AND REDUCTION TO PAYGRADE E-1. SEE ARTICLE 63.

The question in this case is whether the sentence imposed on rehearing, which included a dishonorable discharge rather than a bad-conduct discharge, but otherwise included less confinement and fewer forfeitures than the first sentence, was "in excess of or more severe" than the sentence originally approved. Because discharges are qualitatively different from other punishments and because a bad-conduct discharge is "less

3

severe" than a dishonorable discharge, we answer the question in the affirmative and reverse.

## Discussion

Article 63 provides that "[u]pon a rehearing . . . no sentence in excess of or more severe than the original sentence may be approved[.]" R.C.M. 810(d)(1) implements this statutory provision by requiring that "offenses on which a rehearing . . . has been ordered shall not be the basis for an approved sentence in excess of or more severe than the sentence ultimately approved by the convening or higher authority following the previous trial[.]" The Court of Criminal Appeals reasoned that this case hinges on whether Article 63 should be applied to the sentence as a whole or with reference to the individual punishments comprising the sentence. Mitchell, ARMY No. 9601800, slip op. at 6-7. However, for the purposes of this case, we need only decide whether Article 63 requires a comparison between discharges regardless of the overall sentence awarded at each sentence hearing.

In applying Article 63 to Appellant's sentence the Court of Criminal Appeals adopted an "objective test" and asked whether a reasonable person would conclude that the sentence was "in excess of or more severe" than its predecessor. Id. The court answered: "We cannot imagine any reasonable soldier desiring to spend four more years in confinement in order to avoid the

4

increased severity of a dishonorable discharge over a bad-conduct discharge." Id. at 8. While this statement might well be factually correct, it misses the legal point. One might logically choose the lesser amount of confinement between two options, but that does not necessarily mean, as a matter of military law, that the "increased severity of a dishonorable discharge" does not make the latter sentence "in excess of or more severe" than the former sentence.

In United States v. Rosendahl, 53 M.J. 344, 348 (C.A.A.F. 2000), and United States v. Josey, 58 M.J. 105, 108 (C.A.A.F. 2003), this Court determined that punitive separations are "qualitatively different" from confinement and "other punishments" such as forfeitures.[1] We also concluded that because punitive separations and confinement are "so different," there is "no readily measurable equivalence" available to make meaningful conversions of one to the other possible. Rosendahl, 53 M.J. at 348. As a result, it is not possible in this case to make a meaningful comparison, objectively or otherwise, between the increased severity of Appellant's discharge and the decreased severity of his confinement and forfeitures.

---

[1] United States v. Rosendahl, 53 M.J. 344 (C.A.A.F. 2000) and United States v. Josey, 58 M.J. 105 (C.A.A.F. 2003), involved appellants seeking credit for prior punishment against new punishment received at retrials when the results of their original trials were overturned. In Rosendahl, the appellant sought elimination of a punitive discharge as credit for 120 days' confinement served after his original trial and conviction. In Josey, the appellant sought elimination of his reduction in rank for similar reasons. In both, this Court held the requested credit was not required.

5

While it might be argued that the distinctions between a bad-conduct discharge and a dishonorable discharge are minimal,[2] the Rules for Courts-Martial expressly treat dishonorable discharges as more severe than bad-conduct discharges.  See R.C.M. 1003(b)(8)(C)("A bad-conduct discharge is less severe than a dishonorable discharge and is designed as a punishment for bad conduct rather than as a punishment for serious offenses of either a civilian or military nature.").  Moreover, the distinction between dishonorable discharges and bad-conduct discharges is longstanding in military legal history.  Prior to the authorization of bad-conduct discharges, dishonorable discharges were the only type of discharge available and could only be adjudged at the general court-martial level.  See William Winthrop, Military Law and Precedents 487 (2d ed. 1920).  By contrast, bad-conduct discharges were authorized much later and were reserved for less serious offenses.[3]  As early as 1855, Congress had established the summary court-martial for the Navy and authorized such courts to adjudge a bad-conduct discharge.

---

[2] See 38 U.S.C. § 5303 (2000)(making a discharge adjudged at a general court-martial a bar to veteran's benefits without regard to type of punitive discharge).

[3] During hearings on revision of the Articles of War, the Judge Advocate General of the Army characterized the offenses tried at a special court-martial as "misdemeanor offenses" as opposed to "felony offenses" at a general court-martial.  Subcomm. Hearings on H.R. 2575, To Amend the Articles of War to Improve the Administration of Military Justice, To Provide for More Effective Appellate Review, To Insure the Equalization of Sentences, And for Other Purposes, Before Subcomm. No. 11, Legal of the House Comm. on Armed Services,  80th Congress, 1st Session 1930-31 (April 14, 1947).

Act of March 2, 1855, ch. 136, 10 Stat. 627-629. This act authorized commanders to try enlisted members by summary court-martial "for the trial of offenses which he may deem deserving of greater punishment than the commander of a vessel himself is by law authorized to inflict of his own authority, but not sufficient to require trial by general court-martial." Id. Prior to 1948, the bad-conduct discharge was not an authorized punishment under the Articles of War governing the Army at all. When the Articles of War were amended in 1948, special courts-martial were authorized to adjudge a bad-conduct discharge. Act of June 24, 1948, ch. 625, tit. II, § 210, 62 Stat. 604, 630. Views as to the relative effects of a bad-conduct discharge and a dishonorable discharge may have tempered over time, but the fact remains, that in history, practice and law, a dishonorable discharge is more severe than a bad-conduct discharge.

While the term of confinement is finite, the effects of the increased stigma of a dishonorable discharge may linger long after one has been released from confinement. It remains unclear how an appellate court in such a case can apply an objective standard. In our view, it cannot be known what effects a particular punitive discharge will have on a particular accused. These effects will no doubt differ between individuals based on their personal circumstances. Indeed, a youthful offender might very well perceive he has benefited by

less confinement, but a more severe discharge, only to learn in his more mature years of the potentially socially debilitating effects of dishonorable separation from the service.

In any event, we fail to see how we can give meaning to Congress' legislative words "in excess of or more severe than" without applying those words to the distinctions between punitive discharges. Such a conclusion is consistent with the plain language of the Rules for Courts-Martial, this Court's case law, and the longstanding historical and legal treatment of punitive discharges. Thus, we hold that for the purposes of Article 63, a dishonorable discharge is more severe than a bad-conduct discharge.

## Conclusion

The decision of the Army Court of Criminal Appeals is reversed as to the sentence. We affirm only so much of the decision that extends to the findings and a sentence of a bad-conduct discharge, confinement for six years and reduction to E-1.

CRAWFORD, Chief Judge (concurring in the result):

The majority opinion sweeps a little too far, adopting a "discharge is different" rule that says Article 63, Uniform Code of Military Justice, 10 U.S.C. § 863 (2000), is violated any time an original sentence includes a bad-conduct discharge and a rehearing sentence includes a dishonorable discharge, "regardless of the overall sentence awarded at each sentence hearing." __ M.J. at (4). Thus, although not presented by the facts of this case, the majority holds that a rehearing sentence of a dishonorable discharge and 10 years' confinement is "more severe" within the meaning of Article 63 than an original sentence of a bad-conduct discharge and 60 years' confinement.

I agree that United States v. Rosendahl, 53 M.J. 344, 348 (C.A.A.F. 2000), United States v. Josey, 58 M.J. 105, 108 (C.A.A.F. 2003), and Rule for Courts-Martial 1003(b)(8)(C) [hereinafter R.C.M.] compel a conclusion in this case that appellant's rehearing sentence was "more severe" than his original sentence. However, I would leave for another day the question whether the same result is warranted in a case like the one described above. See Rosendahl, 53 M.J. at 348.

As the Eleventh Circuit recently observed: "[A]ppellate courts best serve the law in deciding 'each

case on the narrow ground that leads to a decision[.]'"
Clay v. Riverwood Int'l Corp., 157 F.3d 1259, 1264 (11th
Cir. 1998)(summarizing and quoting Blackston v. Shook &
Fletcher Insulation Co., 764 F.2d 1480, 1481 (11th Cir.
1985)).  This caveat is especially relevant here, because
Article 63 and R.C.M 810(d) speak in terms of rehearing
"sentences" that cannot be more severe than original
"sentences," and the term "sentence" is generally
understood to mean the collective individual punishments
meted out at courts-martial.