UNITED STATES, Appellee

v.

Dominic P. ALTIER, Gas Turbine System Mechanical Technician
First Class
U.S. Navy, Appellant

No. 12-0496

Crim. App. No. 201000361

United States Court of Appeals for the Armed Forces

Argued November 13, 2012

Decided December 19, 2012

PER CURIAM[1]

Counsel


For Appellant:  Lieutenant David C. Dziengowski, JAGC, USN,
(argued); Lieutenant Toren G. Mushovic, JAGC, USN (on brief);
Lieutenant Commander Michael R. Torrisi, JAGC, USN.

For Appellee:  Colonel Stephen C. Newman, USMC (argued); Brian
K. Keller, Esq. (on brief); Colonel Kurt J. Brubaker, USMC,
Captain Sam C. Moore, USMC, and Lieutenant Ian McClean, JAGC,
USN.


Military Judge:  Ross Leuning




**This opinion is subject to revision before final publication.**

---

[1] See United States v. Altier, __ M.J. ___ (Daily Journal, Oct.
12, 2012).

PER CURIAM:

At Appellant's first trial, a special court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of fraternization (one specification) and creating a hostile work environment (one specification), in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892 (2006). The sentence, as adjudged by the court-martial and approved by the convening authority, consisted of a bad-conduct discharge. On appeal, the Navy-Marine Corps Court of Criminal Appeals affirmed the findings and returned the case to the Judge Advocate General for a possible rehearing on the sentence. United States v. Altier, No. NMCCA 201000361, 2011 CCA LEXIS 102, at *19-*20, 2011 WL 2044807, at *6 (N-M. Ct. Crim. App. May 26, 2011).

At a rehearing on the sentence before a special court-martial composed of a military judge sitting alone, defense counsel urged the military judge to impose "no further punishment." Defense counsel added that if the military judge determined that a "message" was necessary, then he should impose a sentence no greater than the punishment "that could be imposed at NJP."[2] The military judge sentenced Appellant to thirty days of confinement, forty-five days of restriction with hard labor,

---

[2] The term "NJP" refers to nonjudicial punishment under Article 15, UCMJ, 10 U.S.C. § 815 (2006).

2

reduction to the pay-grade of E-5, and forfeitures of $1,500.00 per month for three months.  The convening authority approved the sentence, but stayed its execution, and the Court of Criminal Appeals affirmed, also staying the execution of the sentence.  United States v. Altier, No. NMCCA 201000361, 2012 CCA LEXIS 156, at * 9, 2012 WL 1514767, at *2 (N-M. Ct. Crim. App. Apr. 30, 2012).

On Appellant's petition, we granted review of the following issue:

> WHETHER APPELLANT'S SENTENCE VIOLATES ARTICLE 63, UCMJ, AND R.C.M. 810(d) BECAUSE IT IS IN EXCESS OF AND MORE SEVERE THAN HIS ORIGINAL APPROVED COURT-MARTIAL SENTENCE.

For the reasons set forth below, we affirm.

I.

Article 63 of the UCMJ, 10 U.S.C. § 863 (2006), states:

> Upon a rehearing the accused may not be tried for any offense of which he was found not guilty by the first-court-martial, and no sentence in excess of or more severe than the original sentence may be approved, unless the sentence is based upon a finding of guilty of an offense not considered upon the merits in the original proceedings, or unless the sentence prescribed for the offense is mandatory.[3]

---

[3] Article 63 further states:

> If the sentence approved after the first court-martial was in accordance with a pretrial agreement and the accused at the rehearing changes his plea with respect to the charges or specifications upon which the pretrial agreement was based, or otherwise does not

Under Rule for Courts-Martial (R.C.M.) 810(d), the limitation in Article 63 applies only when the convening authority acts upon the result of the rehearing, and does not apply during the adjudication of the sentence at the rehearing. See id.

Our cases regarding Article 63 reflect both the obligation to give meaning and effect to the statutory limitation against a sentence that is "in excess of or more severe" than the original sentence, and an understanding that the application of the Article 63 limitation in any case cannot be reduced to a specific formula. See, e.g., United States v. Kelley, 5 C.M.A. 259, 262-63, 17 C.M.R. 259, 262-63 (1954); United States v. Darusin, 20 C.M.A. 354, 356, 43 C.M.R. 194, 196 (1971); United States v. Mitchell, 58 M.J. 446, 448-49 (C.A.A.F. 2003). We have further determined that our opinions interpreting the relationship between discharges and other forms of punishment with respect to other areas of law, such as sentencing credits, are instructive but not conclusive in the application of Article 63. See Mitchell, 58 M.J. at 448.

## II.

A punitive discharge adds to the stigma of a federal conviction and severely limits the opportunity of a former

---

comply with the pretrial agreement, the approved sentence as to those charges or specifications may include any punishment not in excess of that lawfully adjudged at the first court-martial.

servicemember to receive important federal benefits, such as those administered by the Department of Veterans Affairs. See United States v. Rasnick, 58 M.J. 9, 10 (C.A.A.F. 2003). In Mitchell, we stated that "for the purposes of Article 63, a dishonorable discharge is more severe than a bad-conduct discharge." 58 M.J. at 449. We held in Mitchell that the increase in severity of the discharge at the rehearing, from a bad-conduct discharge to a dishonorable discharge, could not be offset by a decrease in severity of the confinement and forfeitures at the rehearing. Id. In contrast to the sentence at issue in Mitchell, Appellant in the present case did not receive a punitive discharge at the rehearing. Instead, Appellant received a sentence containing terms similar in effect, although not identical to, the types of punishment that could be imposed in a non-judicial setting under Article 15, UCMJ. Under the specific circumstances of this case, we conclude that the Court of Criminal Appeals did not err under Article 63 in affirming a sentence adjudged by the court-martial and approved by the convening authority.[4]

---

[4] The present case highlights the somewhat unusual situation under current court-martial practice in which the court-martial has the responsibility of adjudicating a sentence upon rehearing, but must do so without transparent knowledge of the lawful maximum punishment. The Discussion accompanying R.C.M. 810(d) states that the members "should not be advised of the sentence limitation under this rule." The Analysis accompanying the Discussion emphasizes that the suggested restriction on

### III.  DECISION

The decision of the Navy-Marine Corps Court of Criminal Appeals is affirmed.[5]

---

advising the members of the sentence limitation was placed in the non-binding Discussion, and is not phrased in mandatory terms, in order to leave the matter open for further development.  Manual for Courts-Martial, United States, Analysis of the Rules for Courts-Martial app. 21 at A21-51 (2012 ed.). Under current procedures, courts-martial are placed in the position of adjudicating sentences without knowledge of the lawful maximum punishments with regard to cases subject to the limitations in Article 63.  The President, acting under the rulemaking authority of Article 36, UCMJ, 10 U.S.C. § 836 (2006), may wish to consider whether transparency in the sentencing process could be improved by providing a process in the Rules for the military judge to determine the maximum permissible punishment in light of Article 63 after receiving input from the parties.

[5] The stay in execution of the sentence that was ordered in the grant of review is lifted.