# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39614**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Derek R. RITA**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 17 July 2020

———————————

*Military Judge:* Thomas J. Alford.

*Approved sentence:* Dishonorable discharge, confinement for 144 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand. Sentence adjudged 29 October 2018 by GCM convened at Kadena Air Base, Japan.

*For Appellant:* Major David A. Schiavone, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Brian C. Mason, USAF; Major Thomas C. Franzinger, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges*.

Judge KEY delivered the opinion of the court, in which Chief Judge J. JOHNSON and Senior Judge POSCH joined.

———————————

**PUBLISHED OPINION OF THE COURT**
———————————

KEY, Judge:

A general court-martial composed of a military judge alone convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement, of one specification each of attempted rape of a child and attempted production of

child pornography in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880, and one specification of possession of child pornography in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for 16 years, reduction to the grade of E-1, forfeiture of all pay and allowances, and a reprimand. In accordance with the terms of the pretrial agreement, the convening authority reduced Appellant's sentence to confinement to 144 months but otherwise approved the sentence as adjudged.

Appellant personally raises a single issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). He asserts a mandatory sentence to a dishonorable discharge in his case is unconstitutional in that it amounts to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.[2]

## I. DISCUSSION

Appellant came to the attention of military law enforcement authorities when he responded to an online advertisement placed by a Navy Criminal Investigative Service agent posing as an adult woman purporting to be looking for someone to "fool around" with her and her children. In the ensuing discussion between Appellant and the agent, Appellant made arrangements to pay to have sex with a six-year-old girl and take pictures of the sexual conduct. Appellant was apprehended when he arrived at the house where the fictitious child supposedly lived, and he subsequently confessed to making the arrangements with the intent of engaging in sexual intercourse with the child, as well as to maintaining a collection of more than 800 images and videos of child pornography with online file-storage services.

As a result of his conviction for attempted rape of a child, Appellant was subject to a mandatory minimum sentence of a dishonorable discharge by operation of Article 56(b), UCMJ, 10 U.S.C. § 856(b). We conclude the mandatory imposition of a dishonorable discharge for attempted rape of a child does not rise to the level of cruel and unusual punishment.

At court-martial, an accused has the right to have his or her sentence determined by "individualized consideration . . . 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. McNutt*, 62 M.J. 16, 19–20 (C.A.A.F. 2005) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 181 (C.M.A. 1959)). Nonetheless, Congress may mandate levels

---

[1] All references in this opinion to the Uniform Code of Military Justice are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] U.S. CONST. amend. VIII.

of criminal punishment, thereby limiting—if not eliminating—a court's discretion in fashioning an appropriate sentence. *Chapman v. United States*, 500 U.S. 453, 467 (1991). The United States Supreme Court has rejected the argument that the Eighth Amendment bars mandatory punishment for adult offenders outside the context of capital punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 994–95 (1991) (upholding mandatory sentence to confinement for life).[3] Sentences which are not, in and of themselves, cruel and unusual do not become cruel and unusual by virtue of being mandatory. *Id.* at 995.

Despite Congress' authority to set mandatory minimum sentences, a sentence in a given case must still pass constitutional muster, and it will fail to do so when it is "grossly disproportionate to the crime." *Graham v. Florida*, 560 U.S. 48, 60 (2010) (quoting *Harmelin*, 501 U.S. at 1001 (internal quotation marks omitted)). In general, an appellant may succeed in such a proportionality claim by either pointing to all the circumstances of his or her case (an "as-applied" challenge) or by showing he or she falls within a category of cases which violate the Eighth Amendment based upon the offense and the characteristics of the offender (a categorical challenge). *Id.* at 60–61. As noted above, this second category has been limited to capital punishment in adult cases and confinement for life without parole in juvenile cases. *See, e.g., United States v. Shill*, 740 F.3d 1347, 1356 (9th Cir. 2014). Appellant's complaint on appeal does not neatly fit into either the as-applied or the categorical framework. On one hand, he points out he was "barely 21 years old" when he committed his crimes, his desire to remain in the military, and the testimony of his character witnesses—along with the fact that the child he pleaded guilty to attempting to rape was nothing more than a figment of a law enforcement agent's imagination. On the other hand, Appellant looks to *Miller v. Alabama* for support, a case which rejected juvenile sentences to life without parole on categorical grounds. 567 U.S. 460 (2012).

Considering Appellant was not a juvenile facing confinement for life or an adult facing the death penalty, he falls outside the established categories of mandatory minimum punishments which have been found to violate the Eighth Amendment. We decline to create an additional categorical exclusion for military members facing mandatory minimum punishments to punitive discharges. We readily accept that a dishonorable discharge is severe punishment with significant impacts and a long-lasting stigma. *See United States v. Mitchell*, 58 M.J. 446, 448–49 (C.A.A.F. 2003). Yet, this punishment is qualitatively different from those that serve to confine a youthful offender for the remainder

---

[3] Mandatory life sentences without the possibility of parole have been rejected as unconstitutional with respect to juvenile offenders. *See Miller v. Alabama*, 567 U.S. 460 (2012).

of his or her life or which extinguish the life of an adult offender. Having carefully considered Appellant's argument, we see nothing with respect to a mandatory dishonorable discharge that requires us to identify categorical rules to ensure courts-martial provide constitutional proportionality with respect to particular offenses or classes of accused. A punitive discharge may make the post-confinement lives of those convicted of qualifying offenses more difficult, but it does not amount to a limitation on liberty, nor does it run the risk of being unconstitutionally severe, even when its imposition is mandatory.

Our review of Appellant's challenge through an as-applied lens does not yield a different result. In conducting this review, we determine whether the "gravity of the offense and the severity of the sentence" give rise to an "inference of gross disproportionality." *Graham*, 560 U.S. at 77. The severity of Appellant's offenses require little elucidation—in addition to possessing hundreds of images and videos of graphic child abuse, Appellant sought to pay for the opportunity to rape a small child while photographing the crime. For these offenses, Appellant faced confinement for 50 years, and the fact the military judge sentenced Appellant to 16 years of confinement underscores the severity of Appellant's conduct. Based upon his offenses, we fail to see how a dishonorable discharge could allow us to find an "inference of gross disproportionality," even when such discharge was mandatory based solely upon the attempted rape of a child specification, especially in light of the fact no confinement was mandated.

Although mandatory minimum sentences are limited in the military justice system, they have been routinely upheld in federal courts in the face of Eighth Amendment challenges, even when they include lengthy periods of confinement.[4] Congress has determined that a servicemember who attempts to rape a child deserves to be severely punished with a dishonorable discharge, and we see nothing constitutionally infirm with that determination. Moreover, under our Article 66(c), UCMJ, 10 U.S.C. § 866(c), authority, we have considered Appellant, the nature and seriousness of his offenses, his record of service, and all matters in the record of trial, and we have determined Appellant's sentence—including a dishonorable discharge—is not inappropriately severe. *See*

---

[4] *See, e.g.*, *United States v. Farley*, 607 F.3d 1294 (11th Cir. 2010) (upholding mandatory minimum sentence of 30 years' confinement when defendant traveled across state lines with intent to sexually assault a child, even though the "child" was an artifice in a sting operation); *United States v. Malloy*, 548 F.3d 166 (4th Cir. 2009) (finding mandatory minimum 15-year sentence not cruel and unusual for production of child pornography); *United States v. Polk*, 546 F.3d 74 (1st Cir. 2008) (holding mandatory minimum sentence of 15 years' confinement for attempted production of child pornography based on defendant corresponding with an agent he believed to be an underage female did not give rise to an inference of gross disproportionality).

*United States v. Sauk*, 74 M.J. 594, 606–07 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam).

## II. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court