# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39193 (reh)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**William T. FIERRO**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 September 2020

————————————

*Military Judge:* Jennifer J. Raab.

*Approved sentence:* Reduction to E-1, forfeiture of $1,120.00 pay per month for 3 months, and confinement for 90 days. Sentence adjudged 2 October 2018 by GCM convened at Schriever Air Force Base, Colorado.

*For Appellant:* Major Jarett F. Merk, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Brian C. Mason, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges.*

Judge ANNEXSTAD delivered the opinion of the court, in which Senior Judge MINK and Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

ANNEXSTAD, Judge:

At Appellant's original trial, a general court-martial convicted Appellant, consistent with his pleas, of one specification each of attempted distribution of cocaine on divers occasions, reckless driving, use of cocaine, and possession of cocaine on divers occasions, in violation of Articles 80, 111, and 112a, Uniform

Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 911, 912a.[1] A general court-martial composed of officer members sentenced Appellant to a bad-conduct discharge and confinement for three months. The convening authority approved the sentence as adjudged.

Upon initial review, this court affirmed the findings of guilt to the charges and specifications and set aside the sentence. *United States v. Fierro,* No. ACM 39193, 2018 CCA LEXIS 292, at *30 (A.F. Ct. Crim. App. 6 Jun. 2018) (unpub. op.). The record was returned to The Judge Advocate General for remand to the convening authority. *Id.* A sentence rehearing was authorized.

The sentence rehearing took place on 1–2 October 2018. Another general court-martial composed of officer members sentenced Appellant to 90 days of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. In light of Appellant's previously adjudged and approved sentence, and in accordance with the advice of his staff judge advocate, the convening authority approved the 90 days of confinement and reduction to E-1. Additionally, Appellant was credited for time served under the original sentence, and the convening authority reduced the portion of the sentence extending to forfeitures to $1,120.00 pay per month for three months.

Appellant raises one issue on appeal: whether Appellant's sentence violates Article 63, UCMJ, 10 U.S.C. § 863, and Rule for Courts-Martial (R.C.M.) 810(d) because it is in excess of or more severe than his original approved court-martial sentence. Specifically, Appellant argues he is entitled to relief because the reduction to E-1 and forfeiture adjudged at the rehearing cannot be measured against a punitive discharge or offset by no punitive discharge being adjudged at the rehearing. We also consider whether Appellant is entitled to relief for a violation of the 18-month standard for appellate review established in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). We find no error materially prejudicial to the substantial rights of Appellant occurred, and we affirm the sentence.

## I. BACKGROUND

On 2 October 2018, Appellant was advised of his right to submit clemency matters to the convening authority before final action was taken on his case. On 10 January 2019, the staff judge advocate recommended the convening authority approve Appellant's sentence as adjudged. This recommendation was served on Appellant on 11 January 2019. On 18 January 2019, Appellant,

---

[1] Reference to the punitive articles in the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2012 ed.). All other references in this opinion to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

through counsel, submitted matters in clemency to the convening authority. In his clemency submission, Appellant requested the convening authority not approve the forfeitures and reduction in grade that were adjudged during the sentencing rehearing. Appellant's rationale for this request centered on his contention that the punishments listed above were in excess of or more severe than his original sentence. Appellant also contended that the combination of the reduction of rank and forfeiture exceeded the severity of the bad-conduct discharge. On 30 January 2019, the convening authority received the addendum to the staff judge advocate's recommendation (SJAR). In the addendum to the SJAR, the convening authority was advised that Appellant's arguments were "not supported by statute or case law." Additionally, he was advised to reduce the post-confinement forfeitures to $1,120.00 for 90 days in accordance with R.C.M. 1107(d)(2). On 4 February 2019, the convening authority took final action on Appellant's case. He approved the confinement and rank reduction as adjudged; he did not approve the forfeiture of allowances and he reduced the forfeiture of pay to $1,120.00 per month for three months, in accordance with the recommendation from his staff judge advocate.

## II. DISCUSSION

### A. Legal Sufficiency of Sentence

On appeal, Appellant contends that because he was not originally sentenced to a rank reduction or forfeiture of pay, that approval of those components of the sentence was not legally sufficient as they are in excess of or more severe than the original sentence. Additionally, Appellant argues he is entitled to relief because the reduction to E-1 and forfeiture adjudged at the rehearing cannot be measured against a punitive discharge or offset by no punitive discharge being adjudged at the rehearing. We disagree.

#### 1. Law

An issue arising from the sentencing jurisdiction of a rehearing is a legal question that is reviewed de novo. *United States v. Davis*, 63 M.J. 171, 173 (C.A.A.F. 2006) (citation omitted). Article 63, UCMJ, provides that upon sentencing rehearing "no sentence in excess of or more severe than the original sentence may be approved." 10 U.S.C. § 863. Additionally, R.C.M. 810(d)(1) provides that "offenses on which a rehearing . . . has been ordered shall not be the basis for an approved sentence in excess of or more severe than the sentence ultimately approved by the convening . . . authority following the previous trial." The Discussion to R.C.M. 1107(f)(5) states that "in approving a sentence not in excess of or more severe than one previously imposed, a convening authority is not limited to approving the same or lesser type of 'other punishments' formerly approved." The "question is not whether any individual component of a sentence is more severe than that approved initially but

whether the overall sentence is in excess of, or more severe than, the sentence approved after the original court-martial." *United States v. Rodriguez,* No. ACM 38519 (reh), 2019 CCA LEXIS 35, at *55 (A.F. Ct. Crim. App. 30 Jan. 2019) (unpub. op.) (citing *United States v. Altier*, 71 M.J. 42 (C.A.A.F. 2012) (per curiam)).

### 2. Analysis

In support of his argument, Appellant requests that we rely on *United States v. Mitchell*, 58 M.J. 446 (C.A.A.F. 2003), and *United States v. Rosendahl*, 53 M.J. 344 (C.A.A.F 2000). However, we find our superior court's decision in *United States v. Altier*, 71 M.J. 427 (C.A.A.F. 2012) (per curiam), to be more analogous to Appellant's case. In *Altier*, the United States Court of Appeals for the Armed Forces (CAAF) evaluated the application of Article 63, UCMJ, and R.C.M. 810 to a situation where the original sentence only included a bad-conduct discharge, and where the sentence on rehearing consisted of confinement for 30 days, 45 days' restriction with hard labor, forfeitures of $1,500.00 pay per month for three months, and a reduction in grade. *Altier*, 71 M.J. at 428. In *Altier*, the CAAF found no violation of Article 63, UCMJ, and R.C.M. 810 where the sentence the appellant received on rehearing did not include a punitive discharge and instead contained "terms similar in effect, although not identical to, the types of punishment that could be imposed in a non-judicial setting under Article 15, UCMJ[, 10 U.S.C. § 815]," and concluded that the swapping of a punitive discharge for the other punishments did not increase the appellant's sentence. *Id.* at 428–29.

As in *Altier,* Appellant's sentence at rehearing did not include a punitive discharge, and the adjudged and reduced sentence as approved by the convening authority reflect the types of punishments that could be imposed in a non-judicial setting under Article 15, UCMJ.[2] Accordingly, we determine Appellant's overall sentence from the rehearing was not more severe than his original sentence, and therefore, we find that the convening authority did not err in approving the sentence of a reduction to the grade of E-1, forfeiture of $1,120.00 pay per month for three months, and confinement for 90 days as it is not in excess of or more severe than Appellant's original sentence.

### B. Timeliness of Appellate Review

Additionally, we consider whether Appellant is entitled to relief for a facially unreasonable appellate delay. *Moreno*, 63 M.J. at 135 (citations omitted); *United States v. Tardif*, 57 M.J. 219, 223–24 (C.A.A.F. 2002). We decline to grant such relief.

---

[2] In Appellant's case the amount of confinement adjudged in the original sentence and upon rehearing was exactly the same.

### 1. Law

We review de novo whether an appellant has been denied the due process right to speedy appellate review. *Moreno*, 63 M.J. at 135 (citations omitted). A presumption of unreasonable delay arises when appellate review is not completed and a decision rendered within 18 months of a case being docketed. *Id.* at 142. A presumptively unreasonable delay triggers an analysis of the four factors laid out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135 (citations omitted). A presumptively unreasonable delay satisfies the first factor, but the Government "can rebut the presumption by showing the delay was not unreasonable." *Id.* at 142. Assessing the fourth factor of prejudice, we consider the interests of "prevention of oppressive incarceration;" "minimization of anxiety and concern of those convicted;" and "limitation of the possibility that . . . grounds for appeal, and . . . defenses . . . might be impaired." *Id.* at 138–39 (citations omitted).

### 2. Analysis

Appellant's case was docketed with the court on 6 February 2019. The delay in rendering this decision after 6 August 2020 is presumptively unreasonable. The reasons for the delay include the time required for Appellant to file his brief on 18 June 2019, and the Government to file its answer 3 July 2019. Appellant was not confined, did not assert his right to timely appellate review, and has made no specific claim of prejudice. We find none.

Finding no *Barker* prejudice, we also find the delay is not so egregious that it "adversely affects the public's perception of the fairness and integrity of the military justice system." *See United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). As a result, there is no due process violation. *See id.*

Regarding any relief under *Tardif*, in this case we determine that no such relief is warranted in the absence of a due process violation. *See Tardif*, 57 M.J. at 223–24; *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016). In *Tardif*, the CAAF recognized that "a Court of Criminal Appeals has authority under Article 66(c) to grant relief for excessive post-trial delay without a showing of 'actual prejudice' within the meaning of Article 59(a)." 57 M.J. at 224 (citation omitted). Furthermore, we as a service Court of Criminal Appeals are required by Article 66(c), UCMJ, to determine which findings of guilty and the sentence or part thereof "should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c); *see Tardif*, 57 M.J. at 224. Considering all the facts and circumstances of Appellant's case, we decline to exercise our Article 66(c), UCMJ, authority to grant relief for the delay in completing appellate review.

## III. CONCLUSION

The approved findings were previously affirmed. The approved sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the sentence is **AFFIRMED**.[3]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[3] We note that the new action section in the court-martial order (CMO), dated 4 February 2019, should include the words "United States Air Force, 721st Security Forces Squadron." Appellant has not claimed prejudice and we find none. We direct a corrected CMO to remedy this error.