# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **In re Jamal X. WASHINGTON** | ) | **Misc. Dkt. No. 2022-14** |
| **First Lieutenant (O-2)** | ) | |
| **U.S. Air Force** | ) | |
| *Petitioner* | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Special Panel** |

On 26 October 2022, Petitioner filed with this court a Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus or in the Alternative, in the Nature of a Writ of Mandamus. Petitioner seeks to have this court direct his immediate release from confinement, or, in the alternative, withhold the authority of the convening authority to approve a sentence to confinement greater than 120 days. Petitioner contends the sentence adjudged at his rehearing on sentence is more severe than the sentence adjudged at his court-martial contrary to Article 63, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 863, and Rule for Courts-Martial (R.C.M.) 810(d)(1).[1] We find the requested writs are not warranted.

## I. BACKGROUND

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of one specification of abusive sexual contact (Charge I), one specification of conduct unbecoming an officer (Charge II), and five specifications of fraternization (Charge III), in violation of Articles 120, 133, and 134, UCMJ, 10 U.S.C. §§ 920, 933, 934, respectively. *See United States v. Washington*, No. ACM 39761, 2021 CCA LEXIS 379, at *1–2 (A.F. Ct. Crim. App. 30 Jul. 2021) (unpub. op.). The adjudged and approved sentence consisted of a dismissal.

On appeal, a divided three-judge panel of this court reached the following result: the findings of guilty as to Charges I and II and their specifications were

---

[1] Petitioner does not clearly cite the applicable version of the UCMJ and Rules for Courts-Martial (R.C.M.). Because the offenses were committed in 2017 and referred in 2018, unless otherwise specified, references to the UCMJ and the R.C.M. in this order are to the *Manual for Courts-Martial, United States* (2016 ed.).

affirmed; the findings of guilty as to Specifications 1 through 4 of Charge III were set aside and dismissed with prejudice; and the findings of guilty as to Specification 5 of Charge III and as to Charge III were set aside and Specification 5 of Charge III and Charge III were dismissed without prejudice to the Government's right to reinstitute court-martial proceedings against Appellant for the same offense. *Id.* at \*2–3. The court set aside the sentence and authorized a rehearing as to Specification 5 of Charge III and Charge III, and the sentence. *Id.*

The convening authority determined a rehearing on Specification 5 of Charge III was impractical and dismissed the specification and charge. The convening authority ordered a rehearing on sentence for Charges I and II. At the conclusion of that rehearing, on 15 September 2022 a panel of officer members sentenced Petitioner to nine months of confinement, forfeiture of all pay and allowances, and a reprimand. Immediately afterwards, Petitioner "moved that the Military Judge issue an instruction directing the Convening Authority to disapprove the sentence to confinement because the sentence to confinement violated Art[icle] 63, UCMJ." After holding a hearing pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a), the military judge denied the motion. Petitioner avers that the "sentence entered execution immediately thereafter," presumably referring to the confinement portion of the sentence only.[2]

We docketed this petition on 28 October 2022 and ordered the Government to respond. The Government submitted a timely response requesting this court deny the petition. On 18 November 2022, we granted a joint motion for a 14-day enlargement of time for Petitioner to file a reply. Additionally, on 28 November 2022 we granted the Government's unopposed motion to attach the audio recording of the rehearing and the transcription of the post-rehearing Article 39(a), UCMJ, session. On 7 December 2022, Petitioner submitted a reply to the Government's response. On 12 December 2022, we granted Petitioner's unopposed motion to attach the post-rehearing matters he submitted to the convening authority under R.C.M. 1105.

## II. LAW

Having summarized the procedural history, we turn to the applicable law. This court has jurisdiction over petitions under the All Writs Act to "issue all

---

[2] A forfeiture of pay and allowances is not effective until 14 days after the sentence is adjudged, and a reprimand is effective after it is issued by the convening authority and included in the entry of judgment. *See* Articles 57(a)(1)(A) and 57(a)(6), UCMJ, 10 U.S.C. §§ 857(a)(1)(A) and 857(a)(6). *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*). A sentence to confinement begins the date the sentence is adjudged. *See* Article 57(a)(2), UCMJ, 10 U.S.C. § 857(a)(2) (2019 *MCM*).

writs necessary or appropriate in aid of [our] . . . jurisdiction[ ].” 28 U.S.C. § 1651(a); *see also United States v. Chapman*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). “As the text of the All Writs Act recognizes, a court’s power to issue any form of relief—extraordinary or otherwise—is contingent on that court’s subject-matter jurisdiction over the case or controversy.” *United States v. Denedo*, 556 U.S. 904, 911 (2009). A Court of Criminal Appeals has continuing jurisdiction over a case reviewed under Article 66, UCMJ, for which it authorized a rehearing. *See United States v. Davis*, 63 M.J. 171, 177 (C.A.A.F. 2006); *Boudreaux v. United States Navy-Marine Corps Court of Military Review*, 28 M.J. 181, 182 (C.M.A. 1989).

The writ of habeas corpus is an extraordinary writ and is the “traditional remedy for unlawful imprisonment.” *Waller v. Swift*, 30 M.J. 139, 142 (C.M.A. 1990) (citations omitted). “[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.” *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). “[T]he writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law, even though imposed pursuant to conviction by a court of competent jurisdiction.” *Id.* at 485. Our assessment is not “whether the petitioner has presented a meritorious case as to why he *should* be released, but rather whether his confinement is *illegal.*” *Clark v. United States*, 74 M.J. 826, 827 (N.M. Ct. Crim. App. 2015).

A writ of mandamus is used to confine lower courts to the “proper exercise of their power and authority” and “to compel officers and commanders to exercise their authority when it is their duty to do so.” *Sutton v. United States*, 78 M.J. 537, 541 (A.F. Ct. Crim. App. 2018) (alterations and citations omitted). In order to prevail on a petition for a writ of mandamus, a petitioner “must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances.” *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (per curiam) (citing *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004)). “The writ of mandamus is a drastic and extraordinary remedy reserved for really extraordinary causes.” *EV v. United States*, 75 M.J. 331, 332 (C.A.A.F. 2016) (citations and internal quotation marks omitted).

As a general rule, “offenses on which a rehearing, new trial, or other trial has been ordered shall not be the basis for an approved sentence in excess of or more severe than the sentence ultimately approved by the convening authority or a higher authority following the previous trial or rehearing.” R.C.M. 810(d)(1); *see also* Article 63, UCMJ (“Upon a rehearing [ ] no sentence in excess of or more severe than the original sentence may be approved.”). “In

adjudging a sentence not in excess of or more severe than one imposed previously, a court-martial is not limited to adjudging the same or a lesser amount of the same type of punishment formerly adjudged." *United States v. Turner*, 34 M.J. 1123, 1125 (A.F.C.M.R. 1992) (quoting R.C.M. 810(d), Discussion (*Manual for Courts-Martial, United States* (1984 ed.)). In *Turner*, our predecessor court cured instructional error—omitting confinement as an option at a rehearing when the appellant's original sentence included a bad-conduct discharge but no confinement—by not approving the bad-conduct discharge and reduction to the grade of E-3 adjudged at the rehearing and instead affirming six months' confinement and reduction to E-4. *Id.* at 1126–27.

The United States Court of Appeals for the Armed Forces (CAAF) has found punitive discharges are "qualitatively different from confinement and other punishments such as forfeitures" and "there is no readily measurable equivalence available to make meaningful conversions" of punitive separations and confinement. *United States v. Mitchell*, 58 M.J. 446, 448 (C.A.A.F. 2003) (internal quotations omitted) (citations omitted).

> [I]n comparing two different species of punishment, it is not always apparent which is the more or the less "severe." We have, however, generally acknowledged that a punitive discharge may lawfully be commuted to some period of confinement.

*Waller v. Swift*, 30 M.J. 139, 143 (C.M.A. 1990) (quoting *United States v. Hodges,* 22 M.J. 260, 262 (C.M.A. 1986)) (additional citations omitted).

In its response to the Petition, the Government cited several cases in which some amount of confinement was deemed less severe and not in excess of a bad-conduct discharge. These cases included *United States v. Carter*, 45 M.J. 168, 170 (C.A.A.F. 1996) (bad-conduct discharge commuted to 24 months' confinement); *Turner*, 34 M.J. at 1126–27 (discussed *supra*); and *United States v. Altier*, 71 M.J. 427, 428 (C.A.A.F. 2012) (per curiam) (affirmed rehearing sentence to 30 days' confinement plus other components when bad-conduct discharge was original sentence). Caselaw addressing commutation and instructional error is helpful to determine issues involving Article 63, UCMJ. The CAAF in *Altier* stated:

> Our cases regarding Article 63[, UCMJ,] reflect both the obligation to give meaning and effect to the statutory limitation against a sentence that is "in excess of or more severe" than the original sentence, and an understanding that the application of the Article 63[, UCMJ,] limitation in any case cannot be reduced to a specific formula. We have further determined that our opinions interpreting the relationship between discharges and other forms of punishment with respect to other areas of law, such as

sentencing credits, are instructive but not conclusive in the application of Article 63[, UCMJ].

*Altier*, 71 M.J. at 428 (citations omitted).

### III. ANALYSIS

We deny Petitioner's requests for the issuance of a writ of habeas corpus and a writ of mandamus for the same reason: Petitioner fails to demonstrate it is "clear and indisputable" that his sentence to confinement is illegal.

Petitioner contends he has a "'clear and indisputable' right to issuance of the writ" "to vindicate his statutory protection against an increase in punishment." He argues that any term of confinement is "in excess of" his original sentence, because he was sentenced to "zero months of confinement." He also claims that because we have no formula to convert a dismissal to other punishments, it is "impossible to determine whether nine months of confinement is 'in excess of' a dismissal." We find these arguments unpersuasive.

Whether one sentence is more or less severe than another sentence requires consideration of the facts of the particular case. *See Mitchell*, 58 M.J. at 448–49 (noting the difficulty in applying an "objective standard" when the effects of a punitive discharge "differ between individuals based on their personal circumstances.") We cannot find—as a matter of law—that Appellant's sentence adjudged at the rehearing was more severe than the sentence approved by the convening authority after Appellant's court-martial. Indeed, a review of the sentencing arguments by trial-level counsel in this case suggest that the parties believed dismissal was the most severe punishment the members could adjudge for this Petitioner, and other available punishments—to include confinement—even in combination would be less severe.

Next, Petitioner asserts that only a sentence similar to the punishment available under Article 15, UCMJ, 10 U.S.C. § 815, is less severe than a dismissal, citing *Altier*. In our view, Petitioner misstates the CAAF's holding. In that rehearing, the appellant requested either "no further punishment" or alternatively "a sentence no greater than the punishment 'that could be imposed [under Article 15, UCMJ].'" *Altier,* 71 M.J. at 427–28. The appellant's original sentence was a bad-conduct discharge, and the sentence at rehearing included 30 days' confinement, 45 days' restriction, reduction of one grade, and forfeitures of pay. *Id.* The CAAF found that "[u]nder the specific circumstances of this case," the lower court did not err in affirming the adjudged and approved sentence. *Id.* at 429. The CAAF in *Altier* did not suggest that a rehearing sentence that included more than 30 days' confinement would have violated Article 63, UCMJ, in light of the previously adjudged bad-conduct discharge, much less a dismissal as in Appellant's case.

Finally, Petitioner claims the sentence adjudged at the rehearing "is still more severe because of the dismissal of five serious [s]pecifications which significantly lowered Petitioner's punitive exposure at the rehearing." He compares his case to both *Altier* and *United States v. Fierro*, No. ACM 39193 (reh), 2020 CCA LEXIS 342 (A.F. Ct. Crim. App. 22 Sep. 2020) (unpub. op.), in which no findings were set aside. He states: "If a sentence to confinement in excess of 30 or 90 days was unlawful in those cases, Petitioner's adjudged sentence is even more improper." We fail to follow Appellant's logic; the sentences on rehearing in those cases were not found to be unlawful. *See Altier*, 71 M.J. at 429; *Fierro*, unpub. op. at *7. More to the point, however, is that the members at Appellant's rehearing sentenced him for the offenses this court affirmed. They determined an appropriate sentence, and the law requires only that that sentence be not in excess of or more severe than the original sentence. The law provides no formula to calculate and determine that the sentence adjudged on rehearing for fewer offenses is less severe than the sentence approved at the original court-martial. As such, Petitioner's claim that his sentence adjudged at rehearing is in excess of or more severe than his approved original sentence is not indisputable.

Lastly, Petitioner requests that we issue a writ of mandamus "directing the [c]onvening [a]uthority to approve a sentence to confinement of no more than 120 days." As discussed above, Petitioner has failed to demonstrate his clear and indisputable right to any relief. Moreover, while 120 days certainly is less than nine months, ordering the convening authority to approve no more than this somewhat arbitrary lesser period of time is not appropriate. And we note Petitioner will have the opportunity on direct appeal to raise this Article 63, UCMJ, issue anew with this court.

Accordingly, it is by the court on this 28th day of December, 2022,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus or in the Alternative, in the Nature of a Writ of Mandamus is **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

6